No. 10,013.

## SHEARER ET AL. *v.* EVANS.

CONVERSION.—*Jurisdiction.*—*Residence.*—*Principal and Agent.*—*Action, Where Commenced.*—Where two are sued for the conversion of goods who reside in different counties, the one having acted as the agent of the other in receiving and converting the goods, suit may be brought against both in the county where the agent resides. R. S. 1881, sec. 312.

SAME.—*Master and Servant.*—The mere fact that a hired servant has possession and control of his master's property gives him no power to sell it, or vest title in the purchaser.

SAME.—*Stolen Goods.*—One who innocently buys stolen goods of a thief takes no title, and if he mix the goods with his own so that they can not be identified, and then sell them, he is liable for conversion.

SAME.—*Agent.*—That one of the defendants was the agent of the other in doing the acts which constituted a conversion of goods, for which they are jointly sued, affords no protection to either.

From the Huntington Circuit Court.

*W. H. Trammel* and *T. L. Lucas,* for appellants.

*A. Moore, J. C. Branyan, C. W. Watkins, M. L. Spencer* and *W. A. Branyan,* for appellee.

BLACK, C.—The appellee sued the appellants, David L. Shearer and George Shearer, alleging that on, etc., the defendants, without right, and without the knowledge or consent of

the plaintiff, came into possession of 240 bushels of wheat, the property of the plaintiff, and, without the knowledge or consent of the plaintiff, so intermingled said wheat with other wheat in the possession of the defendants that the plaintiff had never been able to identify his said wheat and separate it in bulk from said other wheat, and that the plaintiff had never lost his title to his said property, or any part thereof. The value of the wheat was stated, and it was alleged that the plaintiff, before the commencement of this suit, had demanded the same from the defendants, who had failed and refused to pay the same or any part thereof.

The defendant David L. Shearer, appearing specially, for himself alone, answered that before the commencement of the action he had been, and that he still was, a resident of Miami county, Indiana; that he and his co-defendant "have no business connection as partners or otherwise, except the said George has the control and management of this defendant's grain elevator, in said county of Huntington, but has no interest in the same, save and except that of an employee." Prayer, "that said cause be estopped, and that he have judgment for costs." This answer was verified. The court sustained a demurrer of the plaintiff to it, and overruled separate demurrers of the defendants to the complaint.

By the first two specifications of the assignment of errors and the argument of counsel thereon, it is sought to present the questions, whether the complaint stated facts sufficient to constitute a cause of action, and whether this answer showed that the court below had not jurisdiction of the person of the defendant David L. Shearer.

The complaint stated a cause of action for the conversion of the plaintiff's wheat; and the fact that one of those who converted it was the employer of the other and resided in another county in this State did not deprive the court of jurisdiction of the former. Sec. 312, R. S. 1881.

The defendants answered separately, each in several para-

graphs. Demurrers of the plaintiff to the third paragraph of each answer were sustained; and these rulings are assigned as errors.

By the third paragraph of the answer of David L. Shearer, it was admitted that he, through his co-defendant, his employee, purchased about the amount of wheat mentioned in the complaint, of Charles Holdridge, who, it was alleged, was at the time the hired hand and employee of the plaintiff, and who, as such, had possession and control of plaintiff's property; for which wheat this defendant at the time paid said Holdridge the full market price; that the defendants had no knowledge at the time of any wrong in said transaction, or that the wheat belonged to the plaintiff; and that before either of the defendants knew of any wrong therein, or that the wheat belonged to the plaintiff, or the plaintiff had made any demand of either defendant, said wheat had been in a regular way sold and disposed of, and was no longer in the possession or control of this defendant.

The third paragraph of the answer of George Shearer was the same, in substance, as that of his co-defendant.

There was no error in sustaining demurrers to these paragraphs. They did not deny, but impliedly admitted, that the wheat was the property of the plaintiff. They did not allege for what purpose or under what circumstances Holdridge had possession or control of the plaintiff's property, and did not show that Holdridge was capable of transferring title thereto, or that the possession acquired by the defendants was rightful.

The plaintiff replied, and the issues were tried by the court, and, upon request of the defendants, a special finding was rendered. The court found that in November, 1880, one Charles Holdridge, then a hired hand of the plaintiff, and having charge of his farm and property during his temporary absence, without any right or authority, wrongfully and unlawfully took 239 bushels and 25 pounds of wheat, owned by the plaintiff and in his possession, and sold and delivered it to the defendants, at the warehouse of the defendant David

L. Shearer, in Huntington, Indiana, the defendant George Shearer being the agent of his co-defendant for the conducting of said warehouse and its business, the defendant David being then and since that time a resident of Peru, Indiana, conducting said business by and through his son and agent, his co-defendant; that said wheat was purchased by said agent and by him was received into the main bin of the warehouse, with other grain of like kind, and with it was so mixed that it could not thereafter be separated or distinguished from that with which it was mixed; that afterwards said agent shipped said grain to an Eastern market and received pay therefor in the name of his principal; that afterward, and before the commencement of this suit, the defendant David, when informed of the above facts, ratified the same and accepted said acts of his co-defendant; that thereafter, before the commencement of this suit, the plaintiff made demand upon each of the defendants to settle and pay for said grain, which the defendants failed and refused to do; and that when said wheat was so sold by said Holdridge, when it was so shipped by said agent, and at the time of said demand, said wheat was worth $1 per bushel.

Upon these facts the court stated, as a conclusion of law, that the defendants were indebted to the plaintiff at the commencement of this suit, and were still indebted to him, for the value of said wheat in the sum of $239.41.

The defendants excepted to the conclusion, and have assigned it as error. The overruling of a motion for a new trial, which questioned the sufficiency of the evidence, is also assigned as error.

The evidence fully sustained the finding, and the conclusion was not erroneous. The taking of the wheat by Holdridge was larceny, and he could not confer a good title. The possession of Holdridge being tortious, those who bought from him did so at their peril. The property still belonged to the plaintiff, and the taking of the possession thereof by the defendants, with the mixing of the wheat with other wheat

and the sale thereof, and their denial of the plaintiff's right, constituted a conversion of the wheat, and there could be no protection to either of the defendants in the fact that one was the agent of the other who adopted the purchase, or the fact that the defendants received the grain and sold it in the regular course of trade and in good faith. *Robinson* v. *Skipworth*, 23 Ind. 311; *Breckenridge* v. *McAfee*, 54 Ind. 141; Cooley Torts, 451; 1 Addison Torts (Dudley & Baylies' ed.) 397, 418, 446.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.