Greenberg vs. The Whitcomb Lumber Co. and another.

GREENBERG, Respondent, vs. THE WHITCOMB LUMBER COM-
PANY, imp., Appellant.
- GREENBERG, Appellant, vs. SEMPLE, imp., Respondent.

90        225
28 LRA 427n
28 LRA 438n
s28 LRA    439

90        225
60 LRA   953

*April·5 — April 23, 1895.*

*Master and servant: Injury from defective machinery: Liability of
agent for misfeasance: Joinder of parties and causes of action.*

1. A complaint alleging in substance that defendant operated, in its
business of manufacturing timber into firewood, a machine which
it knew to be defective and dangerous in that the saw was defect-
ively and insecurely fastened to its shaft; that plaintiff was em-
ployed to work upon or with this machine; that, to defendant's
knowledge, he was inexperienced in such work and ignorant of
the defect; that defendant gave him no instructions; and that he
was injured, without his fault, by reason of the defect in the ma-
chine — is *held* to state a cause of action.
2. An agent of a corporation, whose duty it was to provide safe ma-
chinery, but who set an inexperienced employee to work upon a
machine which he knew to be defective and dangerous, was guilty
of a misfeasance and is responsible to such employee for injuries
occasioned thereby.
3. In such case the corporation and the agent, being both liable for
the same acts of negligence, may be joined as defendants, and a
complaint charging such negligence against both states but a
single cause of action.

APPEALS from orders of the circuit court for Shawano
county: JOHN GOODLAND, Circuit Judge. *Reversed on plaint-
iff's appeal; affirmed on that of the defendant company.*

The duly verified complaint, omitting formal parts, is as
follows:

" The above-named plaintiff, by Mylrea, Marchetti & Bird,
his attorneys, for a complaint alleges and shows to the
court:

" First. That defendant *The Whitcomb Lumber Company*
at all the times herein mentioned was, and still is, a corpora-
tion organized under the laws of Wisconsin, and doing busi-

Greenberg vs. The Whitcomb Lumber Co. and another.

ness at Whitcomb, Shawano county, Wisconsin, where, among other things, in its business it operated a certain machine for the purpose of sawing timber into firewood, which sawing machine consisted of a large circular steel saw attached to a frame and run by steam at a high rate of speed.

"That at all times herein mentioned said defendant *Parlan Semple* was an officer of said defendant company, and as such officer, as plaintiff is informed and believes, had full charge, management, control, and supervision of said sawing machine and assigning of employees to operate the same, and caused the same to be built expressly for said company and erected on their grounds and used in their business.

"That said sawing machine, as plaintiff is informed and believes, was dangerous, defective, and unfit for use, and of a dangerous and unsafe design and plan. That said saw was improperly, defectively, and insecurely fastened to the shaft upon which it revolved, all of which was well known to both of said defendants at all times herein stated and for a long time prior to February 14, 1892.

"That on or about the 14th day of February, 1892, said plaintiff entered the employ of said defendant corporation as a common laborer, and was placed by said company at work about said sawing machine, and stationed by it in front of the same. That there was no barrier erected between said saw and the place where plaintiff was stationed, or guards of any nature or description, and that it was a dangerous and unsafe place in which to place a man to work.

"That said plaintiff was wholly inexperienced in work in sawmills, or about sawing machines, or any similar kind of work, all of which was well known to both of said defendants.

"That neither of said defendants gave plaintiff any instructions whatever as to the dangers attendant upon such work, or informed him of the dangerous construction of said machine or the defective condition thereof, and that it

was all unknown to this plaintiff until after the injury hereinafter mentioned.

" That on the 15th day of February, 1892, and the day after said plaintiff entered upon the performance of his duties as aforesaid, and while in the employ of said defendant company at the place designated by them for him to work, the said saw, by reason of its defective construction and defective and insecure fastening, while the same was revolving, became separated from the shaft to which it was fastened, and struck this plaintiff with great force upon his left arm and shoulder, and otherwise injuring his body, by reason of which plaintiff became for a long time sick and lame, and was prevented from prosecuting his work as a laborer or any work whatever, and suffered great bodily pain, and was put to great expense for medical assistance and other care, and that said left arm and shoulder have become permanently stiff, so that he is unable to use them for any manual labor, thus greatly impairing his ability to earn a living, all to his damage in the sum of ten thousand dollars.

" Wherefore plaintiff demands judgment against said defendants for the sum of ten thousand dollars and costs."

To this complaint each defendant interposed a separate demurrer. The demurrer of the defendant *The Whitcomb Lumber Company* specified as grounds therefor: First, that several causes of action have been improperly united; second, that the complaint does not state facts sufficient to constitute a cause of action against the defendant *The Whitcomb Lumber Company*. The separate demurrer of *Parlan Semple* specified as grounds therefor: First, that several causes of action have been improperly united; second, that the complaint does not state facts sufficient to constitute a cause of action against the defendant *Parlan Semple*.

The plaintiff having made a motion to strike out as frivolous each of said demurrers, and the same coming on for argument, the demurrer of the defendant *The Whitcomb*

*Lumber Company* was overruled, and the demurrer of the defendant *Parlan Semple* was sustained. From the order overruling the demurrer of *The Whitcomb Lumber Company* said defendant *The Whitcomb Lumber Company* appeals; and from the order sustaining the demurrer of the defendant *Parlan Semple* the plaintiff, *August Greenberg,* appeals.

For the plaintiff there were briefs by *Mylrea, Marchetti & Bird,* and oral argument by *W. H. Mylrea.* They argued, among other things, that the complaint states a cause of action against the defendant company. *Barney v. Hartford,* 73 Wis. 95; *Carey v. C. & N. W. R. Co.* 67 id. 608; *Young v. Lynch,* 66 id. 514; *Fitts v. Waldeck,* 51 id. 569. Whether or not such an accident should reasonably have been anticipated by defendant is a question to be determined by a jury and not by the court on demurrer. For similar cases see, *Columbian & P. S. R. Co. v. Hawthorne,* 3 Wash. Ter. 353; *Heltonville Mfg. Co. v. Fields,* 36 N. E. Rep. 529.

For either misfeasance or malfeasance an agent is personally liable. *Bell v. Josselyn,* 3 Gray, 309; *Osborne v. Morgan,* 130 Mass. 102; *Delaney v. Rochereau,* 34 La. Ann. 1123; *Harriman v. Stowe,* 57 Mo. 93; Mechem, Agency, §§ 540, 571 *et seq.;* Story, Agency, §§ 311, 312; Bishop, Non-Contract Law, §§ 622, 627, 695; *Carey v. Rochereau,* 16 Fed. Rep. 87; Shearm. & Redf. Neg. (3d ed.), § 112. Here positive, affirmative acts of negligence are alleged. *Semple* built a defective machine; he knew its defective and dangerous condition; he placed it in the yard to be used by employees who, he knew, would endanger ther lives by such use. This was a positive wrong on his part. The fact that he did it as agent of another, and also bound that other, makes it none the less a wrong on his part. *Peck v. Cooper,* 112 Ill. 192; *Bennett v. Ives,* 30 Conn. 329; *Griffiths v. Wolfram,* 22 Minn. 185; *Hawkesworth v. Thompson,* 98 Mass. 77; *Richardson v. Kimball,* 28 Me. 463, 476; *Crane v. On-*

*derdonk,* 67 Barb. 47, 56; *Campbell v. Portland Sugar Co.* 62 Me. 552; *Brokaw v. N. J. R. & T. Co.* 32 N. J. Law, 328; *Horner v. Lawrence,* 37 id. 46; *Wright v. Wilcox,* 19 Wend. 343; *Phelps v. Wait,* 30 N. Y. 78; *Suydam v. Moore,* 8 Barb. 358; *Moore v. Fitchburg R. Corp.* 4 Gray, 465; *Gilmore v. Driscoll,* 122 Mass. 199; *Reed v. Peterson,* 91 Ill. 288, 297; *Weber v. Weber,* 47 Mich. 569; *Berghoff v. McDonald,* 87 Ind. 549; Deering, Neg. § 221. If both corporation and agent are liable, they may both be joined in this action. For a tort the plaintiff may sue one, any, or all who are liable. This rule applies to the joinder of the master with his servant, and the principal with his agent. Shearm. & Redf. Neg. § 115; 1 Wait, Pr. 131; Deering, Neg. § 221; *Johnson v. Barber,* 10 Ill. 25; *Phelps v. Wait,* 30 N. Y. 78, and cases cited.

For the defendants there was a brief by *Goodrick & Goodrick,* and oral argument by *R. H. Goodrick.* They contended, *inter alia,* that the complaint shows no defect in the machinery which caused or contributed to the injury. The defect should be specified. Plaintiff does not make a case by simply alleging that defendant has been guilty of negligence. *Goff v. C. R. & M. R. Co.* 86 Wis. 237; Maxwell, Code Pl. 241; 2 Estes Pl. (3d ed.), § 2010, and cases cited. The allegation that the saw became loosened or separated from the arbor shows no defect in the machine, because all machines are so designed and made that the saws can be loosened and removed from the arbor from time to time by the operator of the machine, as occasion requires. Giving this complaint a liberal construction, it shows that the saw became loosened while in use because it had not been properly adjusted. The nut was not on tight enough, and the saw came off from the arbor and struck the plaintiff and injured him. The defect was not in the construction but in the use of the machine. A failure on the part of an employee or operator of a machine to properly adjust it was

the neglect of a co-employee. Defendants' negligence cannot be conjectured from the mere fact of the accident. *Redmond v. Delta L. Co.* 96 Mich. 545. See, also, *Ling v. St. P., M. & M. R. Co.* 50 Minn. 160; *Van den Heuvel v. Nat. F. Co.* 84 Wis. 636; *Peschel v. C., M. & St. P. R. Co.* 62 id. 338; *Johnson v. Ashland W. Co.* 77 id. 53; *Whitwam v. W. & M. R. Co.* 58 id. 413; *Johnson v. Boston T. B. Co.* 135 Mass. 211, 212; *Collins v. St. P. & S. C. R. Co.* 30 Minn. 31; *Kliegel v. Weisel & V. Mfg. Co.* 84 Wis. 148. For all that appears from the complaint the plaintiff's injury was purely accidental, unforeseen, and unaccountable. *Wood v. C., M. & St. P. R. Co.* 51 Wis. 196; *Schultz v. C. & N. W. R. Co.* 67 id. 616. The master is not liable for accidents not likely to happen. 14 Am. & Eng. Ency. of Law, 819. Nor for injuries which appear to be the result of an unaccountable accident. *Morrison v. Phillips & C. Const. Co.* 44 Wis. 405; *Steffen v. C. & N. W. R. Co.* 46 id. 259.

Newman, J. The complaint states, in substance, that the defendant *The Whitcomb Lumber Company* is a corporation; that the defendant *Parlan Semple* was one of its officers and its general managing agent; that its business was the manufacturing of timber into firewood; that it operated, in this work, a machine which was defective and dangerous; that it knew the machine to be defective and dangerous; that the defect which rendered it dangerous was that the saw was defectively and insecurely fastened to its shaft; that the plaintiff was employed to work upon or with this machine; that he was inexperienced in such work and as to such machine, and did not know of the defect of the machine; that the defendants knew that he was so inexperienced and ignorant; that plaintiff received no instructions; that he was injured, without his fault, by reason of the defect of the machine. Fairly construed, this is the substance of the complaint. It was the duty of the defendant *The Whitcomb Lum-*

*ber Company* to furnish the plaintiff a safe machine to work with, and, knowing the defect of the machine and that he was inexperienced, to instruct him of the dangers of the employment. Not to do this was negligence. The complaint states a cause of action against the defendant *The Whitcomb Lumber Company*.

Whether the complaint states a cause of action against the defendant *Parlan Semple* is more complex. He was the agent or servant of *The Whitcomb Lumber Company*, charged with the oversight and management of its operations, and with the duty of providing a safe machine for the work in which the plaintiff was engaged. The principle is well settled that the agent or servant is responsible to third persons only for injuries which are occasioned by his misfeasance, and not for those occasioned by his mere nonfeasance. Some confusion has arisen in the cases, from a failure to observe clearly the distinction between nonfeasance and misfeasance. These terms are very accurately defined, and their application to questions of negligence pointed out, by Judge METCALF in *Bell v. Josselyn*, 3 Gray, 309. "Nonfeasance," says the learned judge, "is the omission of an act which a person ought to do; misfeasance is the improper doing of an act which a person might lawfully do; malfeasance is the doing of an act which a person ought not to do at all." The application of these definitions to the case at bar is not difficult. It was *Semple's* duty to have had this machine safe. His neglect to do so was nonfeasance. But that alone would not have harmed the plaintiff, if he had not set him to work upon it. To set him to work upon this defective and dangerous machine, knowing it to be dangerous, was doing improperly an act which one might lawfully do in a proper manner. It was misfeasance. Both elements, nonfeasance and misfeasance, entered into the act or fact which caused the plaintiff's damages. But the nonfeasance alone could not have produced it. The misfeasance was the efficient

cause.   For this the defendant *Semple* is responsible to the plaintiff.   Mechem, Agency, § 569 *et seq.;* 14 Am. & Eng. Ency. of Law, 873, and cases cited in note 4; Wood, Mast. & Serv. (2d ed.), 667; *Osborne v. Morgan,* 130 Mass. 102.

The complaint states but a single cause of action.   It is the same cause of action against both defendants, arising from the same acts of negligence,— the master for the negligence of its servant; the servant for his own misfeasance. Both master and servant, being liable for the same acts of negligence, may be joined as defendants.   Wood, Mast. & Serv. *supra; Wright v. Wilcox,* 19 Wend. 343; *Phelps v. Wait,* 30 N. Y. 78.

*By the Court.*— The order appealed from by *The Whitcomb Lumber Company* is affirmed, and the order appealed from by the plaintiff is reversed.