CHARMAN v. LAKE ERIE & W. R. CO. et al.

(Circuit Court, D. Indiana.  December 22, 1900.)

No. 9,893.

1. REMOVAL OF CAUSES—JOINT ACTION.
That one of two defendants sued jointly in a state court was joined for the purpose of preventing a removal of the cause to the federal court by the other defendant does not give the latter the right of removal, where the plaintiff had the legal right to bring a joint action.

2. TORTS—ACTIONS—JOINDER OF DEFENDANTS.
It is not necessary to the maintenance of a joint action for a tort that the injury should grow out of the breach of a joint duty, but where it results from an act or omission which constitutes at the same time a breach of duty owing by each defendant to the plaintiff, although such duties are not the same and do not grow out of the same or similar principles of law, a joint action therefor may be maintained.

3. SAME—MASTER AND SERVANT—JOINT LIABILITY.
Burns' Rev. St. Ind. 1894, § 7083, which makes a railroad company liable for an injury to an employé caused by the negligence of any person in its service who has charge of any switch yard, shop, etc., imposes upon the company the duty of employing foremen who will not by their negligence injure other employés; and, where the negligence of the foreman in charge of a switch yard causes an injury to an employé therein, his act constitutes a breach of the duty of the master, and at the same time a breach of duty on his own part towards his co-employé, and the person injured may maintain a joint action against the master and servant for the injury.

4. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY — JOINT ACTION FOR TORT.
It being the settled rule in Indiana that a master and servant may be jointly sued for an injury resulting from the servant's negligence, such an action brought in a court of that state cannot be severed for the purpose of removal.

At Law.  On motion to remand to state court.

This is an action by the plaintiff, as administrator, against the defendants to recover damages for the death of Frank Coffman by the wrongful acts and omissions of the defendants. The action was begun in the circuit court of Delaware county, Ind., and removed into this court. It is alleged that on November 29, 1899, Frank Coffman died intestate, and that letters of administration upon decedent's estate were duly issued to the plaintiff, who has duly qualified and entered upon the duties of his office; that on and long prior to November 29, 1899, the defendant the Lake Erie & Western Railroad Company owned and operated, and now owns and operates, a line of railroad through the county of Delaware, Ind., which passes through the city of Muncie, in said county, at which place the defendant railroad company has had during said time regularly established switches and switch yards for handling cars and making up trains, and that during all of said time the defendant railroad company kept as its duly-appointed yard master the defendant Oliver, with full authority and control over said switch yard and the employés in said switch yard; that during said time the defendant company was, and still is, a common carrier for hire of freight and passengers, employing a large number of persons for the purpose of operating its railroad and switch yards; that on October 5, 1899, the defendants employed the decedent and put him to work as a brakeman in said switch yard, and that on November 29, 1899, the decedent, while in the performance of his duty as such brakeman, was requested, ordered, and commanded by defendant Oliver, as such yard master in charge of said switch yard, to couple together by means of chains two damaged cars which were then standing on one of the switches in said switch yard with a number of other cars; that the damaged

cars were without drawbars and bumpers, and that because of said defects the ends of said cars would come together, leaving but a few inches between their flat-end surfaces; that while in the exercise of due care, and without any fault or negligence on said decedent's part, and while chaining together said damaged cars, and acting under direct command of said defendant yard master of said defendant company, said yard master, without notice or warning to decedent, carelessly, negligently, and recklessly permitted an engine to be operated and propelled in and upon said switch, which set said cars in motion, whereby said cars, without decedent's fault or negligence, were propelled upon and against the decedent with great force and violence, and said decedent was then and there, without fault, caught between said damaged cars, and his head and skull were crushed, from the effects of which he instantly died; that the defendant Oliver kept no outlook and exercised no care whatever whereby he could have known that said cars would be propelled against the decedent; that said yard master used no signals to prevent said cars from being propelled against the decedent as aforesaid, and gave no warning to decedent that he was in danger of injury from said moving cars; that decedent was not aware of his peril, and had no notice of the movement of said cars; that all of said wrongs, grievances, and injuries to the person of the decedent occurred solely through the negligence, carelessness, and recklessness of said defendants, as hereinbefore stated and alleged; that decedent was a strong and vigorous young man, 27 years of age; and that he left a wife and child.

The defendant the Lake Erie & Western Railroad Company filed a petition and bond for the removal of the cause from the state court into this court. The state court ordered the removal. The petition alleges "that the Lake Erie & Western Railway Company is, and at the time the action was commenced was, a corporation organized and existing under and by virtue of the laws of the state of Illinois, and a citizen of that state, and that the plaintiff was at the time of the commencement of the suit, and ever since has been, and still is, a resident and citizen of the state of Indiana; that the matter in dispute between the plaintiff and the petitioner in said action exceeds, exclusive of interest and costs, the sum of two thousand dollars; that there exists in said action a controversy between the plaintiff and the petitioner, which is wholly between them, and is entirely distinct and separate from the controversy between the plaintiff and the defendant Hortense L. Oliver, and the controversy between the plaintiff and the petitioner may be tried and fully determined apart from and independently of the controversy between the said plaintiff and the said Oliver; that, as shown by said complaint filed herein, the plaintiff seeks to recover a judgment against the defendant Oliver solely by reason of his personal acts of negligence, resulting in the injury of the plaintiff's intestate, and in said complaint he seeks to recover a judgment against this petitioner upon the ground that the petitioner is claimed to be liable for the negligent acts of said Oliver as its agent, and by reason of the alleged fact that the said cars sought to be coupled were out of order, and by reason of the statute of the state of Indiana known as the 'Employers Liability Act,' in force March 4, 1893, and known as 'Section 7083 of Burns' Revised Statutes of 1894.' But the petitioner further shows that said complaint does not state any joint liability against it and said Oliver, but whatever liability is shown as to each is several, and not joint. But this petitioner avers that the plaintiff, for the purpose of preventing the removal of this cause into the United States circuit court for trial, has joined the said Oliver, who is a resident and citizen of Indiana, as a co-defendant with the petitioner."

The statute referred to in the petition reads as follows: "That every railroad * * * operating in this state shall be liable for damages for personal injuries suffered by any employee while in its service, the employee so injured being in the exercise of due care and diligence, * * * where such injury was caused by the negligence of any person in the service of such corporation who has charge of any signal, telegraph office, switch yard, shop, round house, locomotive engine, or train upon a railway."

The plaintiff moves to remand this action to the state court on the ground that the cause of action set out in the complaint is an entirety, and not separable.

White & Young and Mann & Lesh, for plaintiff.
John B. Cockrum and Miller, Elam & Fesler, for defendant.

BAKER, District Judge (after stating the facts).  The statement that the defendant Oliver was joined as a co-defendant with the petitioner for the purpose of preventing a removal is of no importance. If the plaintiff had the right to bring a joint action against the company and its servant for the negligent killing of the plaintiff's intestate, his motive or purpose in so doing is immaterial.  In respect to the removal of actions for tort on the ground of a separable controversy, certain matters are too firmly settled to be open to dispute.  In Railroad Co. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 473, the complaint charged two corporations with having jointly trespassed on the plaintiff's land; and it was set out in the petition for removal that one of the corporations was not in existence at the time of the alleged trespass, but that was held to be a question on the merits.  It was said—

"That in any case the question whether there is a separable controversy which will warrant a removal is to be determined by the condition of the record in the state court at the time of the filing of the petition for removal, independently of the allegations in that petition or in the affidavit of the petitioner, unless the petitioner both alleges and proves that the defendants were wrongfully made joint defendants for the purpose of preventing a removal into the federal court."

In the case of Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528, it is said:

"As this court has repeatedly affirmed, not only in cases of joint contracts, but in actions for torts which might have been brought against all or against any one of the defendants, 'separate answers by the several defendants sued on joint causes of action may present different questions for determination, but they do not necessarily divide the suit into separate controversies. A defendant has no right to say that an action shall be several which a plaintiff elects to make joint.  A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way.  The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings.'"

The complaint in this case charges—

"That all of said wrongs, grievances, and injuries to the person of said decedent occurred solely through the negligence, carelessness, and recklessness of said defendants, as hereinbefore stated and alleged."

If "a defendant has no right to say that an action shall be several which a plaintiff elects to make joint," it would seem that this rule would apply here, because the plaintiff has elected to sue the defendants jointly for wrongs which he alleges the defendants have jointly committed.

It is, however, insisted that the complaint does not show that the company was present, participating in the alleged wrongs, nor that such wrongs were committed by its authority, nor with its knowledge, consent, or subsequent approval.  Whether the master and servant can be sued in tort, as joint wrongdoers, for an injury caused by the negligence of the servant under such circumstances, is a question upon which the authorities are not in agreement.  That the

master and servant cannot be jointly sued for an injury caused by the negligence of the servant in the absence of the master, and without his direction or approval, is supported by the cases of Parsons v. Winchell, 5 Cush. 592; Mulchey v. Society, 125 Mass. 487; Banfield v. Whipple, 10 Allen, 27, 87 Am. Dec. 618; Bailey v. Bussing, 37 Conn. 351; Sellick v. Hall, 47 Conn. 260, 273, 274; Campbell v. Sugar Co., 62 Me. 552, 16 Am. Rep. 503; Page v. Parker, 40 N. H. 47, 68; Clark v. Fry, 8 Ohio St. 358, 377; Warax v. Railway Co. (C. C.) 72 Fed. 637; Hukill v. Railroad Co., Id. 745; Beuttel v. Railway Co. (C. C.) 26 Fed. 50; Hartshorn v. Railway Co. (C. C.) 77 Fed. 9. In Mulchey v. Society, supra, the doctrine that the master and servant could not be jointly sued for tort is made to rest on the rule of law making the master answerable for the negligence of the servant; that is, on the doctrine of respondeat superior. It is said:

"If there was any negligence in the agents, for which they could be held liable, their principal, the society, would be responsible, not as if the negligence had been its own, but because the law made it answerable for the acts of its agents. Such negligence would be neither in fact nor in legal intendment the joint act of the principal and of the agents, and therefore both could not be jointly sued."

In the case of Warax v. Railway Co., supra, it was held that there were separable controversies in a joint suit for tort against master and servant, because the liability of the master for the negligence of the servant in his absence and without his knowledge or approval arises from the principle of public policy which requires that the master shall be held responsible for the acts of his servant done in and about the master's business, while the liability of the servant arises from his personal wrong.

The foregoing cases seem to rest upon too narrow a view of the relation of master and servant, especially where the master is a corporation, and in failing to place the master's responsibility on its true basis. To affirm that public policy or a rule of law makes the master answerable for the negligence of his servant in and about the master's business is not an accurate and complete statement of the principle on which the master's liability rests. If any action can be maintained against the master in such a case, it is because he owes a duty towards the injured person which has been violated. It is universally agreed that, in order to maintain an action for injury to person or property by reason of negligence or want of due care, there must be shown to be existing some obligation or duty towards the plaintiff which the defendant has disregarded or violated. This is the basis on which the cause of action must rest. There can be no actionable fault or negligence or breach of duty where there is no act or service or contract which the party is bound to perform. The statute of this state above quoted has made it the duty of the railroad company to place a person in charge of its switch yard who should be free from fault resulting in injury to a fellow servant. The master is made an absolute guarantor that the decedent should not be harmed by the negligence of the servant in charge of the switch yard. This duty was a positive and continuing one. The duty of the person in charge of the switch yard, grow-

ing out of the exigency of the social order, was so to conduct him-self about his master's business as not to injure a fellow servant by his negligence or want of due care. The plaintiff's intestate is alleged to have been killed by the negligence of the person placed by the defendant company in charge of its switch yard. The negligence of the person in charge of the switch yard gave rise to a twofold breach of duty, namely, that of the person in charge of the switch yard and that of the railroad company. The breach of the master's duty arose from its failure to keep in charge of its switch yard a person who would not by his negligence injure a fellow servant. If the master had not failed in the performance of this duty, no actionable injury could have occurred. The servant's carelessness constituted a breach of duty on the part of the master. While the master's duty was an absolute and continuing one, to keep a person in charge of its switch yard who would not injure a fellow servant by negligence, no breach of this duty could happen except through the negligence of the person so placed in charge. The mere placing by the master of a careless person in charge of its switch yard would of itself constitute no actionable wrong, and an actionable breach of duty could only arise when a fellow servant was injured by the negligence of such person. It is thus manifest that the company's breach of duty was concurrent in point of time with the breach of duty of the person in charge of the switch yard, and that the breach of duty on the part of each grows out of the same acts and omissions. The injury complained of arose from a concurring and co-operating breach of duty on the part of each, and it could not have occurred except as the result of such concurring and co-operating breach of duty. If the company had not employed the careless servant, and if the servant had not been careless, the injury would not have happened. The liability of the company does not grow out of the breach of the servant's duty by the servant, on the principle of respondeat superior. It grows out of the breach of the company's duty by the company failing to keep a person in charge of its switch yard who would not by his negligence injure a fellow servant. If the employer fails in the performance of this duty, his responsibility does not arise out of the servant's breach of the servant's duty towards the injured party, but it grows out of the employer's breach of the employer's duty towards the decedent,—a duty imposed upon the employer by law. The defendants have each violated a duty owing to the decedent, imposed upon them by law. The negligent acts of the servant gave rise to a breach of duty on the part of each. It is not essential that the duty violated by each should be joint or identical, nor that the duty of each should be deduced from the same legal principles. The case of a joint action by a passenger who is injured by the collision of two trains owned and operated by different railroad corporations affords a familiar illustration. The duty of the carrier of the passenger is to exercise the highest practicable degree of care to protect him from hurt. Its liability grows out of the breach of this duty. The duty of the other company is to use ordinary and reasonable care not to collide with the train carrying the passenger. Its liability grows out of the breach of this

duty. The two companies may be jointly sued for the injury of the passenger, and the cause of action is not separable and removable by one of the two defendants. Railway Co. v. Martin, 59 Kan. 437, 53 Pac. 461; Id., 178 U. S. 245, 20 Sup. Ct. 854, 44 L. Ed. 1055. Hence it is apparent that it is not necessary to the maintenance of a joint action for tort that the injury should grow out of the breach of a joint duty, nor out of the same or similar duties deducible from the same or similar principles of law. The rule would seem to be that where the same acts or omissions constitute and give rise to a breach of duty owing by each defendant to the plaintiff, and concur and cooperate in producing the injury, a joint action may be maintained. That the master and servant may be jointly sued for an injury resulting from the servant's negligence is supported by the cases of Wright v. Compton, 53 Ind. 337; City of Peoria v. Simpson, 110 Ill. 294; Johnson v. Magnuson, 68 Ill. App. 448; Hoye v. Raymond, 25 Kan. 665; Phelps v. Wait, 30 N. Y. 78; Wright v. Willcox, 19 Wend. 343; Montfort v. Hughes, 3 E. D. Smith, 591; Suydam v. Moore, 8 Barb. 358; Wilkins v. Ferrell, 10 Tex. Civ. App. 231, 30 S. W. 450; Schaefer v. Otserbrink, 67 Wis. 495, 30 N. W. 922; Greenberg v. Lumber Co., 90 Wis. 225, 63 N. W. 93, 28 L. R. A. 439; Schearer v. Evans, 89 Ind. 400; Michael v. Alestree, 2 Lev. 172; Id., 1 Vent. 295; Steel v. Lester, 3 C. P. Div. 121; Moreton v. Hardern, 4 Barn. & C. 223, 10 E. C. L. 316; Newman v. Fowler, 37 N. J. Law, 89; Comitez v. Parkerson (C. C.) 50 Fed. 170; Connell v. Railway Co. (C. C.) 13 Fed. 241.

In 2 Thomp. Neg. 892, § 11, it is said:

"Under the Codes of New York and Indiana, which, as is well known, abolish forms of action, the master and servant may be joined in one action."

Judge Cooley, in his Treatise on Torts (2d Ed. [1888] p. 164), says:

"The case of carriers of persons is a conspicuous instance in which the failure of a servant to observe due care may constitute a legal wrong to third parties, and render him and his master jointly responsible. In undertaking to carry, the carrier assumes the duty to carry safely, in so far as the highest vigilance will enable him to do so. A railroad company acting as such carrier employs an engineer whose duty to the company is to run the train with skill and prudence. Now, although there are no contract relations between the engineer and the person who is to be carried, yet when an individual is placed in a position of responsibility, and the property and especially the persons of others are intrusted to his prudence, his skill, and his fidelity, so that his negligence may inflict serious and perhaps irreparable injury, it is reasonable that the law should make it the right of every person thus circumstanced to demand from him a vigilance corresponding to the responsibility. And this we understand to be the rule. The negligence in such cases is that of both master and servant, and the liability, as in other cases where two or more are chargeable with a wrong, may be enforced in a suit against one or against both."

This action was properly brought against the master and servant jointly in the state court. In Wright v. Compton, supra, the supreme court of this state said:

"That the servant is also liable for his own carelessness and negligence, and that the master and servant may be joined in the same action, are principles well settled."

In Connell v. Railway Co., supra, Mr. Justice Blatchford, on the circuit, remanded a case where a master and servant had been jointly

sued for tort, expressing the opinion that it was proper for the federal courts to follow the decisions of the state courts on the question of the entirety of a cause of action. The language of the learned judge is as follows:

"The decision of the state court at the special and general terms that the cause of action is entire is a decision which it is proper for this court to follow, and it leads to the conclusion that there is but a single controversy in the suit."

It would be anomalous if a cause of action which constituted an entirety in the court of the state could be severed into parts for the purposes of removal. In my opinion, it cannot be done. Remanded at the costs of the railroad company defendant.