## AGNES ROYER v. M. RASMUSSEN and Minnie Rasmussen.

(158 N. W. 988.)

**Master and servant — negligence of servant — sued jointly — may be — liability.**

    1. A master and his servant may be jointly sued for the negligence of the latter, when the former is liable for such negligent act.

**Causes of action — several — same transaction — arising out of — joined in one suit — responsibility — different degrees.**

    2. Where several causes of action arise out of the same transaction, they may be joined in one suit, although the defendants may be affected in different degrees of responsibility.

Opinion filed July 15, 1916.

Appeal from the District Court of Grand Forks County, *C. M. Cooley,* Judge.

Action to recover for personal injuries arising from alleged negligence in the operation of an automobile. From orders overruling demurrers to the complaint, defendants appeal.

Affirmed.

*Bangs & Robbins,* for appellants.

The complaint is void of any allegation showing negligence on the part of M. Rasmussen, or in anywise connecting him with the commission of the alleged negligent or wrongful act. His liability is predicated upon the relationship of the defendants. The master is liable for the acts of the servant only while such servant is acting within the scope of his employment. Warax v. Cincinnati, N. O. & T. P. R. Co. 72 Fed. 643.

At common law the action against the servant was in trespass, and on the case against the master. They could not be joined. 1 Chitty, Pl. 12th ed. 1828; Pom. Code Rem. §§ 307, 308; Bliss, Code Pl. §§ 82,

Note.—That there is some conflict on the question of the right to join master and servant as defendants in an action for the servant's negligence will appear from an examination of notes in 28 L.R.A. 441; 12 L.R.A. (N.S.) 670; and 25 L.R.A. (N.S.) 356; but this case will be seen to be in accord with the general rule allowing it.

and 83; 26 Cyc. 1545; 5 Thomp. Neg. § 5776; Parsons v. Winchell, 5 Cush. 592, 52 Am. Dec. 745; Mulchey v. Methodist Religious Soc. 125 Mass. 487; Western U. Teleg. Co. v. Olsson, 40 Colo. 264, 90 Pac. 841; French v. Central Constr. Co. 76 Ohio St. 509, 12 L.R.A.(N.S.) 669, 81 N. E. 751; Clark v. Fry, 8 Ohio St. 358, 72 Am. Dec. 590; Herman Berghoff Brewing Co. v. Przbylski, 82 Ill. App. 361; Mc- Nemar v. Cohn, 115 Ill. App. 31; Campbell v. Portland Sugar Co. 62 Me. 552, 16 Am. Rep. 503; Page v. Parker, 40 N. H. 47.

"Although there are authorities to the contrary, the better rule, and the one supported by the weight of authority, is that where the master is liable for the negligent or wrongful act of his servant solely upon the ground of relationship between them under the doctrine of *respondeat superior,* and not by reason of any personal share in the negligent or wrongful act, by his presence or express direction, he is not liable jointly with the servant, and a joint action cannot be maintained against them." Warax v. Cincinnati, N. O. & T. P. R. Co. 72 Fed. 637; Hukill v. Maysville & B. S. R. Co. 72 Fed. 745; Helms v. Northern P. R. Co. 120 Fed. 389; Davenport v. Southern R. Co. 124 Fed. 983; Shaffer v. Union Brick Co. 128 Fed. 97; Gustafson v. Chicago, R. I. & P. R. Co. 128 Fed. 85; McIntyre v. Southern R. Co. 131 Fed. 985; Henry v. Illinois C. R. Co. 132 Fed. 715; Sessions v. Southern P. Co. 134 Fed. 313.

The measure of their liability varying, and being different in degree, they cannot be joined as defendants in the same action. Davenport v. Southern R. Co. 124 Fed. 983; Gustafson v. Chicago, R. I. & P. R. Co. 128 Fed. 85.

*O'Connor & Johnson,* for respondent.

The demurrer is made upon the ground that two causes of action have been improperly united in the same complaint,—separately stated. The weight of authority and the better reasons seem to support the view that the remedy in such a case is not by demurrer in the first instance, but by a motion to make more definite and certain. Lewis v. Hinson, 64 S. C. 571, 43 S. E. 15; Cargar v. Fee, 140 Ind. 572, 39 N. E. 93; Times Pub. Co. v. Everett, 9 Wash. 518, 43 Am. St. Rep. 865, 37 Pac. 695.

This court, in passing on the questions raised by the demurrer,

can consider nothing excepting that which appears from the face of the complaint. Hartland v. Windsor, 29 Vt. 354.

The complaint shows that the two defendants joined in the commission of the tort, and co-operated in the acts of negligence that caused the injury of which complaint is made. Pom. Code. Rem. 4th ed. § 307.

Trespass was the form of action originally for injuries caused by force, immediate and direct. But when it was desired to enforce the liability of the master for the negligent acts of his servant, it was found, there being no direct force emanating from the master, that the old writ of trespass did not meet the needs of the situation. Consequently, the statute of Westminster 2d was passed, giving authority to the clerks of chancery to issue writs where the case was similar to some of the existing actions. 13 Edw. I.; 2 Bl. Com. 51; 4 Reeves, History of English Law, 430; 1 C. J. 1064.

But under our statute all forms of pleading are expressly abolished. Comp. Laws, 1913, §§ 7355, 7439; Ed. of Blackstone 1916, p. 1643.

The fundamental provision of these Codes is the abolition of distinction between forms of actions. Under their provisions there is but one form of civil action. Grain v. Aldrich, 38 Cal. 514, 99 Am. Dec. 423; Oolitic Stone Co. v. Ridge, 169 Ind. 639, 83 N. E. 246; Conaughty v. Nichols, 42 N. Y. 83; Soule v. Weatherby, 39 Utah, 580, 118 Pac. 833, Ann. Cas. 1913E, 75; Pom. Code Rem. p. 5 note, § 347; Hahl v. Sugo, 169 N. Y. 109, 61 L.R.A. 226, 88 Am. St. Rep. 539, 62 N. E. 135; Parsons v. Winchell, 5 Cush. 592, 52 Am. Dec. 745; Hewett v. Swift, 3 Allen, 425; Schumpert v. Southern R. Co. 65 S. C. 332, 95 Am. St. Rep. 802, 43 S. E. 813, 13 Am. Neg. Rep. 676; Comp. Laws 1913, §§ 7355, 7439.

"The rule seems to be well settled by the authorities that when the injury to the plaintiff results from the immediate force of the defendant, and is caused by his carelessness and negligence, and is not wilful, the plaintiff can maintain either trespass or case." Howard v. Tyler, 46 Vt. 688; Gates v. Miles, 3 Conn. 64; Blin v. Campbell, 14 Johns. 432; McAllister v. Hammond, 6 Cow. 342; Brennan v. Carpenter, 1 R. I. 474; Moreton v. Harden, 4 Barn. & C. 223, 107 Eng. Reprint, 1042, 4 Dowl. & R. 275; Williams v. Holland, 10 Bing. 112, 131 Eng. Reprint, 848, 6 Car. & P. 23, 3 Moore & S. 540, 2 L. J. C. P. N. S. 190; 9 Bacon, Abr. 441.

Among wilful tort feasors or intentional wrongdoers, no contribution will be allowed. Merryweather v. Nixan, 8 T. R. 186, 101 Eng. Reprint, 1337, 16 Revised Rep. 810 (1799); Peck v. Ellis, 2 Johns. Ch. 131; Arnold v. Clifford, 2 Sumn. 238, Fed. Cas. No. 555; Miller v. Fenton, 11 Paige, 18; Hunt v. Lane, 9 Ind. 248; Rhea v. White, 3. Head, 121; Spaulding v. Oakes, 42 Vt. 343, 1 Am. Neg. Rep. 399; Atkins v. Johnson, 43 Vt. 78, 5 Am. Rep. 260 (1870); Boyd v. Gill, 21 Blatchf. 543, 19 Fed. 145 (1886); Davis v. Gelhaus, 44 Ohio St. 69, 4 N. E. 593 (1886); Boyer v. Bolender, 129 Pa. 324, 15 Am. St. Rep. 723, 18 Atl. 127 (1889).

The general rule is that even where the parties are equally wrong, *in pari delicto,* as far as legal liability to respond in damages for injuries to their persons is concerned, contribution will be allowed for joint *quasi delicto,* where the wrong or tort was not wilful, malicious, intentional, unlawful, or immoral. Thweatt v. Jones, 1 Rand. (Va.) 328, 10 Am. Dec. 538 (1823); Wooley v. Batte, 2 Car. & P. 417 (1826); Horbach v. Elder, 18 Pa. 33 (1851); Acheson v. Miller, 2 Ohio St. 203, 59 Am. Dec. 663 (1849); Bailey v. Bussing, 28 Conn. 455 (1859); Selz v. Unna, 6 Wall. 327, 18 L. ed. 799 (1867); Nickerson v. Wheeler, 118 Mass. 295 (1875); Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320; Smith v. Ayrault, 71 Mich. 475, 1 L.R.A. 311, 39 N. W. 724 (1888); Vandiver v. Pollak, 97 Ala. 467, 19 L.R.A. 628, 12 So. 473 (1893); Farwell v. Becker, 129 Ill. 261, 6 L.R.A. 400, 16 Am. St. Rep. 267, 21 N. E. 792 (1889); Cooley, Torts, 3d ed. 254; Mayberry v. Northern P. R. Co. 100 Minn. 79, 12 L.R.A.(N.S.) 675, 110 N. W. 356, 10 Ann. Cas. 754.

This rule, however, does not apply to torts which are the result of mere negligence. Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320; Churchill v. Holt, 127 Mass. 165, 34 Am. Rep. 355; Acheson v. Miller, 2 Ohio St. 203, 59 Am. Dec. 663; Torpy v. Johnson, 43 Neb. 882, 62 N. W. 253; Adamson v. Jarvis, 4 Bing. 66, 130 Eng. Reprint, 693, 5 L. J. C. P. 68; 9 Cyc. 804; 7 Am. & Eng. Enc. Law, 365.

Argument that these defendants should not be joined because the master has not the right of contribution is specious and fallacious, and has no substantial support in the authorities. Bliss, Code Pl. § 89; Addison, Contr. 34, 35; Schumpert v. Southern R. Co. 65 S. C. 332, 95 Am. St. Rep. 806, 43 S. E. 813, 13 Am. Neg. Rep. 676; Lowell

v. Boston & L. R. Corp. 23 Pick. 24, 34 Am. Dec. 33; Old Colony R.
Co. v. Slavens, 148 Mass. 363, 12 Am. St. Rep. 558, 19 N. E. 372.

Such joinder is sanctioned by the Federal courts. Davenport v.
Southern R. Co. 68 C. C. A. 444, 135 Fed. 960; Thomas v. Great
Northern R. Co. 77 C. C. A. 255, 147 Fed. 83; Charman v. Lake
Erie & W. R. Co. 105 Fed. 449; Connell·v. Utica, U. & E. R. Co. 13
Fed. 241; Kelly v. Chicago & A. R. Co. 122 Fed. 286; Comitez v.
Parkerson, 50 Fed. 170; Chicago, R. I. & P. R. Co. v. Martin, 59 Kan.
437, 53 Pac. 461, 4 Am. Neg. Rep. 266, 178 U. S. 245, 44 L. ed. 1055,
20 Sup. Ct. Rep. 845; Mayberry v. Northern P. R. Co. 100 Minn. 79,
12 L.R.A.(N.S.) 675, 110 N. W. 356, 10 Ann. Cas. 754.

Respondent contends that it is proper to join the master and servant
under the facts in this case, and that this view finds ample support in
the authorities, and is more in harmony with the modern and reformed
procedure under the Codes. Pom. Code Rem. § 312; Bailey, Personal
Injuries, p. 2173; Wood, Mast. & S. 667; 2 Thomp. Neg. § 11; Cooley,
Torts, 3d ed. 241, 242; Charman v. Lake Erie & W. R. Co. 105 Fed.
449; Mayberry v. Northern P. R. Co. 100 Minn. 79, 12 L.R.A.(N.S.)
675, 110 N. W. 356, 10 Ann. Cas. 754; Wright v. Compton, 53 Ind.
337, 2 Mor. Min. Rep. 189; Howe v. Northern P. R. Co. 30 Wash.
569, 60 L.R.A. 94, 70 Pac. 1100; Thomas v. Great Northern R. Co.
77 C. C. A. 255, 147 Fed. 83; Greenberg v. Whitcomb Lumber Co. 90
Wis. 225, 28 L.R.A. 439, 48 Am. St. Rep. 911, 63 N. W. 93; Schum-
pert v. Southern R. Co. 65 S. C. 332, 43 S. E. 813, 13 Am. Neg. Rep.
676, 95 Am. St. Rep. 802, note p. 809; Kelly v. Chicago & A. R. Co.
122 Fed. 286; Henshaw v. Noble, 7 Ohio St. 226; Whalen v. Pennsyl-
vania R. Co. 73 N. J. L. 192, 63 Atl. 993; Southern R. Co. v. Grizzle,
124 Ga. 735, 110 Am. St. Rep. 191, 53 S. E. 244; Winston v. Illinois
C. R. Co. 111 Ky. 954, 55 L.R.A. 603, 65 S. W. 12; Central of Georgia
R. Co. v. Brown, 113 Ga. 414, 84 Am. St. Rep. 250, 38 S. E. 989, 10
Am. Neg. Rep. 30; Gardner v. Southern R. Co. 65 S. C. 341, 43 S. E.
816; Phelps v. Wait, 30 N. Y. 78; Wright v. Wilcox, 19 Wend. 343, 32
Am. Dec. 507; Suydam v. Moore, 8 Barb. 358; Hewett v. Swift, 3
Allen, 420; Roberts v. Johnson, 58 N. Y. 616, 5 Am. Neg. Cas. 200;
Newman v. Fowler, 37 N. J. L. 89; Brokaw v. New Jersey R. &
Transp. Co. 32 N. J. L. 328, 90 Am. Dec. 659; Shearer v. Evans, 89
Ind. 400.

No punitive damages could be allowed or collected under the pleadings in this case, as no malice or gross negligence is charged. Therefore counsel's argument on this point is not pertinent. Harmening v. Howland, 25 N. D. 38, 141 N. W. 131; Shoemaker v. Sonju, 15 N. D. 518, 108 N. W. 42, 11 Ann. Cas. 1173; Davis v. Seeley, 91 Iowa, 583, 51 Am. St. Rep. 356, 60 N. W. 183; Comp. Laws 1913, § 7466.

Fisk, Ch. J. The complaint in effect alleges, that plaintiff, while crossing one of the streets in the city of Grand Forks, was run over and injured by an automobile owned by defendant M. Rasmussen while being driven by his servant and codefendant, Minnie Rasmussen; that the accident was caused by the careless and negligent manner in which such automobile was being driven.

Each of the defendants separately demurred to the complaint, which demurrer was overruled, and each have appealed. It is stipulated that the decision of one appeal will control the other. It is conceded that the sole question for decision is whether the causes of action against the defendants are properly joined. Appellants contend that there is an improper joinder of causes of action for the reason that the liability of the servant, if any, is based upon her personal negligence, while that of the master is predicated upon the theory that the negligence of the servant is imputed to him. In other words it is asserted that he can be held only upon the doctrine of *respondeat superior,* for the alleged reason that he was not present in the car at the time of the accident. Such contention, however, has no proper basis in the record, for the complaint in paragraph 1 thereof distinctly alleges: "That . . . the auto . . . was operated by . . . Minnie Rasmussen at all the times mentioned . . . for and on the business of the defendant, M. Rasmussen, and with his knowledge, consent, *and under his direction.*" Such allegations for the purposes of this appeal must be accepted as true. It follows, therefore, that the defendants are jointly guilty of the acts of negligence complained of, and this being true they can be proceeded against jointly under all the authorities. This alone would necessitate an affirmance of the orders, but we wish to place our decision on the broader ground that, even if the complaint had disclosed that the master was not present at the time of the accident, and the automobile was not being driven under his direction, still both were proper-

34 N. D.—28.

ly joined in one action, notwithstanding the fact that some courts of high standing have held to the contrary. We are firmly convinced that their reasoning is both technical and unsound even at common law, and, moreover, they are clearly out of harmony with our reformed system of pleading and are opposed to the great weight of modern authority. We deem it unnecessary to enter into a minute discussion of the question at this time, for the reason that this court has recently had occasion to pass upon substantially the same principles of procedure which are here involved. See Stark County v. Mischel, 33 N. D. 432, 156 N. W. 931, and Allen v. Cruden, ante, 166, 157 N. W. 974. The supreme court of our sister state of Minnesota in Mayberry v. Northern P. R. Co. 100 Minn. 79, 12 L.R.A.(N.S.) 675, 110 N. W. 356, 10 Ann. Cas. 754, recently decided the identical question before us under a statute very similar to our § 7466, Compiled Laws 1913, and we hereby adopt the reasoning and conclusion of that court as the sound and sensible rule for this jurisdiction. Among other things it is there said:

"We have no statute in this state fixing any rule upon the subject of the joinder of parties defendant in actions in tort. Section 4062, Rev. Laws 1905, refers only to actions upon contract. We must therefore refer to the rules of the common law controlling the question in determining whether the action at bar was properly brought against all the defendants. An examination of the books discloses an irreconcilable conflict in the decisions upon the question. It is held by some courts that separate persons, acting independently, but causing together a single injury, are joint tort feasors, and may be sued either jointly or severally at the election of the plaintiff, and that it is not essential that the defendants in such case shall have acted in concert. Matthews v. Delaware, L. & W. R. Co. 56 N. J. L. 34, 22 L.R.A. 261, 27 Atl. 919, 12 Am. Neg. Rep. 285, 15 Enc. Pl. & Pr. 559. Other courts uphold the converse of the proposition, maintaining the rule that joint or concerted action on the part of all the defendants is essential to the right of joinder in the same suit. Parsons v. Winchell, 5 Cush. 592, 52 Am. Dec. 745. The case of Trowbridge v. Forepaugh, 14 Minn. 133, Gil. 100, may be said to support this view.

"We do not feel called upon, however, to analyze the cases on this subject for the purpose of evolving a rule applicable to tort actions in

general; for the weight of authority sustains the right of an injured party to join in the same action parties bearing the relation to each other of the defendants in this case, namely, master and servant, the right of action springing from the wrongful act of the servant for which the master is responsible. The authorities, even upon this branch of the subject, are by no means harmonious, but the weight of reason sustains the right of joinder. The following authorities sustain this position: Newman v. Fowler, 37 N. J. L. 89; Greenberg v. Whitcomb Lumber Co. 90 Wis. 225, 28 L.R.A. 439, 48 Am. St. Rep. 911, 63 N. W. 93; Wright v. Compton, 53 Ind. 337, 2 Mor. Min. Rep. 189; Consolidated Ice Mach. Co. v. Kiefer, 26 Ill. App. 466; Southern R. Co. v. Sittasen, — Ind. App. —, 74 N. E. 898; Lynch v. Elektron Mfg. Co. 94 App. Div. 408, 88 N. Y. Supp. 70; Wright v. Wilcox, 19 Wend. 343, 32 Am. Dec. 507; Colegrove v. New York & N. H. R. Co. 20 N. Y. 492, 75 Am. Dec. 418; Cuddy v. Horn, 46 Mich. 596, 41 Am. Rep. 178, 10 N. W. 32.

"No substantial reason can be given for requiring separate actions in such cases. On the contrary, the orderly administration of justice will be conserved by permitting the joinder. Both parties are liable for the consequences of the negligent acts of the servant, and one action and one recovery will terminate the litigation and avoid the necessity of separate trials of the same issue. So long as the liability of each defendant is identical, upon the same state of facts, it is of no material consequence that the liability of one arises at common law and that of the other under the statutes imposing liability upon the master for the negligence of his servants.

"One of the principal reasons assigned by those courts which hold such a joinder improper is that the right of contribution is lost and cannot be resorted to by one against the other codefendant. This reason, as applied to cases of this kind, is unsound. There is, it is true, a general rule that the right of contribution does not exist as between joint tort feasors; but it applies only between persons who by concert of action intentionally commit the wrong complained of. Where there is no concert of action in the commission of the wrong, the rule does not apply. In such cases the parties are not *in pari delicto* as to each other, and as between themselves their rights may be adjusted in accordance with the principles of law applicable to the relation in fact existing

between them. The rule does not apply to torts which are the result of mere negligence. Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320; Churchill v. Holt, 127 Mass. 165, 34 Am. Rep. 355; Acheson v. Miller, 2 Ohio St. 203, 59 Am. Dec. 663; Torpy v. Johnson, 43 Neb. 882, 62 N. W. 253; Adamson v. Jarvis, 4 Bing. 66, 130 Eng. Reprint, 693, 5 L. J. C. P. 68; 9 Cyc. 804; 7 Am. & Eng. Enc. Law, 2d ed. 365. Other reasons assigned in support of the theory that the master and servant may not be joined in the same action are purely technical, and entitled to no special consideration.

"It would seem, also, that § 4154, Rev. Laws 1905, disposes of the question adversely to appellant's contention, considered from the standpoint of separate causes of action, and not mere joinder of parties defendant. That statute provides that two or more causes of action may be united in one pleading when they arise out of the same transaction or transactions, affect all the parties to the action, and do not require separate places of trial. This authorizes the joinder of separate causes of action when the conditions named in the statute exist, and it is not important that the defendants named are not all affected alike. If the several causes of action pleaded arise out of the same transaction, they may be joined in one suit, although the defendants named may be affected in different degrees of responsibility. That causes of action in tort are included within the meaning of this statute is quite obvious. The word 'transaction,' as there used, embraces something more than contractual relations. It includes any occurrences or affairs the result of which vests in a party the right to maintain an action, whether the occurrences be in the nature of tort or otherwise. Lamming v. Galusha, 135 N. Y. 239, 31 N. E. 1024; Scarborough v. Smith, 18 Kan. 399; King v. Coe Commission Co. 93 Minn. 52, 100 N. W. 667. The plaintiff's right of action in the case at bar, as already observed, is for the death of her intestate, and is founded in the wrongful conduct of defendants in the operation of the company's business in its switch yards at Minneapolis. What occurred there, either in committing wrongful acts or negligently failing to take such action or steps as would prevent the injury complained of, amounts to a transaction or transactions within the meaning of the statute, and the several acts concurring and resulting in the death of plaintiff's intestate may properly be united in the same complaint."

The Wisconsin court has recently held to the same effect. Greenberg v. Whitcomb Lumber Co. 90 Wis. 225, 28 L.R.A. 439, 48 Am. St. Rep. 911, 63 N. W. 93. In addition to the authorities cited by the Minnesota and Wisconsin courts we cite: Kirkpatrick v. San Angelo Nat. Bank, — Tex. Civ. App. —, 148 S. W. 362; Charman v. Lake Erie & W. R. Co. 105 Fed. 449; Wright v. Compton, 53 Ind. 337, 2 Mor. Min. Rep. 189; Howe v. Northern P. R. Co. 30 Wash. 569, 60 L.R.A. 949, 70 Pac. 1100; Thomas v. Great Northern R. Co. 77 C. C. A. 255, 147 Fed. 83; Schumpert v. Southern R. Co. 65 S. C. 332, 95 Am. St. Rep. 802, 43 S. E. 813, 13 Am. Neg. Rep. 676; Kelly v. Chicago & A. R. Co. 122 Fed. 286; Whalen v. Pennsylvania R. Co. 73 N. J. L. 192, 63 Atl. 993; Southern R. Co. v. Grizzle, 124 Ga. 735, 110 Am. St. Rep. 191, 53 S. E. 244; Winston v. Illinois C. R. Co. 111 Ky. 954, 55 L.R.A. 603, 65 S. W. 13; 1 R. C. L. 363; Pom. Code Rem. § 312; Bailey, Personal Injuries, p. 2173; Wood, Mast. & S. 667; 3 Street, Foundations of Liability, pp. 264, 265; Mechem, Agency, § 2011; 7 Labatt, Mast. & S. § 2512; 2 Thomp. Neg. § 2; Cooley, Torts, 3d ed. 241, 242.

The author in 1 R. C. L. 363, states the rule as follows: "By virtue of statute in many, if not all, the so-called Code states, there may be a joinder in one complaint of two or more causes of action where they arise out of the same transaction, the word 'transaction' as used in such statutes meaning something which has taken place whereby a cause of action has arisen, and embracing not only contractual relations, but occurrences in the nature of tort as well. It is no objection to the joinder of causes of action that they concern separate primary rights, for, however numerous may be minor transactions, each constituting a primary right enforceable by the proper remedy, so long as they all reach back to the point of union as the parent cause thereof, they all arise out of one 'transaction' and may be vindicated together, regardless of the form of remedy requisite as to each, provided they affect all the parties, and do not require different places of trial."

Mechem on Agency, after referring to the authorities holding to the contrary, says: "The weight of authority, however, is clearly the other way, and permits the principal and the agent to be joined in the same action at the option of the plaintiff." § 2011.

One of the most lucid and sound statements of the rule which has come to our notice is made by Mr. Labatt in his treatise on Master and

Servant. In § 2512 he reviews the authorities on principle, and among other things says:

"If the action is brought against the master and servant, all the courts agree that the joinder is proper where the liability is joint or concurrent, as where the master is guilty of actual negligence, as contradistinguished from imputed negligence under the doctrine of *respondeat superior*. So, in the case of trespass by the servant under the authority of the master, it is agreed that both may be joined, since both are in such a case deemed to be principals.

"The conflict in the decisions begins where the master does not participate in the negligent or wrongful act of the servant, his liability resting upon the doctrine of *respondeat superior* or upon statute. It has been held that the act complained of is for this reason not joint, and that the master and servant must therefore be pursued separately. The basis for this distinction is purely technical, and arose before the adoption of the reformed procedure. Under the old forms, the remedy against the master who did not command or participate in the wrong, but who, in the event of his servant's negligence, had the fault imputed to him, would be an action in case, while the action against the servant would be in trespass; and these actions could not be joined. One reason which has also been urged against the nonjoinder of master and servant in this class of cases is that the judgment would be against them jointly as joint wrongdoers, and consequently that the master, if he alone should satisfy the execution, could not call on the servant for reimbursement or contribution. This point was emphasized in the leading case in Massachusetts on the subject, and has had considerable influence on the decisions. There is, however, no real difficulty in this situation, for the master's right to contribution may be preserved, although the master and servant are sued together. Here, again, the objection to the joinder is technical.

The question whether the master and servant can be joined in an action to recover damages for the servant's wrongdoing in which the master does not participate long troubled the Federal courts, where the point was raised in applications for removal on the ground of a separable controversy. If the action is joint, the cause cannot, of course, be removed. The circuit court decisions were not in harmony on the question whether such actions are joint, or, in other words,

whether they present a separable controversy. Some of the lower courts adhered to the Massachusetts rule, while others upheld the right of joinder. This conflict in the decisions was finally settled by the Supreme Court in favor of the latter position [citing Alabama G. S. R. Co. v. Thompson (1905) 200 U. S. 206, 50 L. ed. 441, 26 Sup. Ct. Rep. 161, 4 Ann. Cas. 1147], at least so far as to deny the master the right to remove on the ground of the existence of a separable controversy.

"The preponderance of authority in all jurisdictions is in favor of the right to join master and servant so as to proceed against them in a single action, although the master's liability is based on the doctrine of *respondeat superior,* and not upon any personal nonfeasance or misfeasance. . . .

"From a careful examination of the cases on the joinder of master and servant, it would seem that the better view is that in favor of allowing the single action where both are liable for the wrongful act of the servant, no matter on what theory or ground the master's responsibility may be placed, since this rule does away with a multiplicity of suits. The judgment in an action where the master does not participate in the wrong may be considered as joint and several, so as to preserve the master's right to an action against the servant in reimbursement; and this would appear to be especially true under the modern forms of procedure, abolishing the distinctions between the ancient technical forms of pleading."

Being in full accord with the views above quoted, and for the reasons above stated, we have no hesitancy in affirming the orders appealed from, and it is so ordered.