## WILLIAM VAN ALSTYNE v. JOHN R. BERTRAND.

Although every material, traversable matter of fact, relied on by a party, must be averred in pleading, yet it is never necessary to allege those circumstances which are but the evidence of the facts on which the party relies as constituting his right; the simple allegation of the fact is sufficient, without relating all the minute circumstances which do but conduce to prove the truth of it.

Under a plea by partners, that the draft sued on was given by one of the firm, for his own individual debt, it may be proved that the partner gave the note of the firm in payment of his individual debt, and afterwards gave the draft sued on, in payment of said note.

See this case as to transactions by one partnership in liquidation of the affairs of a preceding partnership, of which some of the members of the present partnership were members.

Appeal from Washington. Suit by the appellant against Austin & Bertrand on a draft drawn by the latter, and protested for non-payment. Bertrand pleaded that the draft was given by Austin in payment of his individual debt, as one of the firm of Austin & Edrington, of which the plaintiff had notice.

The facts were as follows: H. W. Baylor being indebted to Austin & Edrington, and having a note for $1000 on B. R. Thomas and others, assigned the $1000 note to Austin & Ber-

Van Alstyne v. Bertrand.

trand in discharge of his indebtedness to Austin & Edrington, and received from Austin & Bertrand their note for the excess of the $1000 note over his indebtedness to Austin & Edrington. The note of Austin & Bertrand was transferred by Baylor to D. B. Madden, and by him to the plaintiff, by whom it was presented to Austin & Bertrand, whereupon they gave him the draft sued on, in payment thereof. Austin & Bertrand sued the $1000, collected the money, and applied it to the discharge of indebtedness of Austin & Edrington. It did not appear by which member of the firm of Austin & Bertrand the settlement with Baylor was made. The draft sued on was drawn by Austin, and Bertrand knew nothing of it, at the time. When Austin drew the draft, he informed the plaintiff of all the facts. Austin received the money on the judgment against Thomas and others, and applied it as aforesaid. It did not appear except as above, what was the description of the note given by Austin & Bertrand to Baylor, nor whether the plaintiff received it before or after due. Austin of the firms of Austin & Edrington and Austin & Bertrand was the same person.

The plaintiff excepted to the admission of the evidence that the draft was given for the note of Austin & Bertrand, on the ground that it did not conform to the allegations of the answer.

Judgment against Austin; verdict and judgment for Bertrand; plaintiff appealed.

*J. D. & D. C. Giddings*, for appellant.

*B. E. Tarver*, for appellee.

WHEELER, J. The objection to the admissibility of the evidence, that it did not conform to the allegations of the answer, we do not think well founded. Although every mate-

rial, traversable matter of fact, relied on by a party, must be averred in pleading; yet it is never necessary to allege those circumstances which are but the evidence of the facts on which the party relies as constituting his right. The simple allegation of the fact is sufficient, without relating all the minute circumstances which do but conduce to prove the truth of it. (Wells v. Fairbank, 5 Tex. R. 582.)

The objection to the want of sufficiency of the evidence to support the defence is entitled to more weight. The firm of Austin & Bertrand received the note on Thomas and others. They became thereby accountable to the firm of Austin & Edrington only for the indebtedness to that firm of Baylor, which it was intended to pay. The excess of the note, above that debt, was theirs, to dispose of as they saw proper; and that excess was certainly a sufficient consideration, passing to the firm of Austin & Bertrand, for the note given to Baylor, of which the plaintiff afterwards became the holder. If the assent of Bertrand to the purchase of the note on Thomas was necessary to bind him, that assent is sufficiently evidenced by his joining in a suit and recovery upon the note. What disposition he may have seen proper to make, or suffer to be made, of the proceeds of the judgment, after satisfying the demand of Austin & Edrington, was a matter of no concern to the plaintiff. If Bertrand saw fit to allow his partner to dispose of it in the payment of his own individual debt, the rights of the plaintiff were not affected by such disposition. The consideration of the note, held by the plaintiff, passed to the firm of Austin & Bertrand, and the evidence therefore did not support the plea, or authorize a verdict for the defendant, even though the plaintiff had been chargeable with notice of the consideration.

It is not questioned that the firm of Austin & Bertrand were legally liable for the payment of the note, in the hands of the plaintiff, as an innocent holder without notice of the consideration. And it can admit of as little question, that the legal

liability of the firm, was a sufficient consideration to support a promise or contract founded thereon by the firm. That one partner may bind the firm by contracts made in liquidation and discharge of the legal liabilities and debts of the firm, will not be disputed. The liability of the firm of Austin & Bertrand, upon the note held by the plaintiff, was a sufficient consideration for the giving of the draft on which this suit is brought; and there can be no question that it is binding upon that firm. The verdict, therefore, was manifestly contrary to law and the evidence; for which the judgment must be reversed and the cause remanded.

Reversed and remanded.