## COMITEZ v. PARKERSON et al.

*(Circuit Court, E. D. Louisiana. April 23, 1892.)*

1. **DEATH BY WRONGFUL ACT—PLEADING—NEWSPAPER ACCOUNTS.**
   In an action by a widow to recover damages for the killing of her husband by a mob, when the petition fully sets out her cause of action, it is improper to annex thereto an account of the affair as published in a newspaper on the day following the killing.

2. **SAME—PARTIES.**
   As all the parties in any way concerned in the tort are liable *in solido*, it is proper to join, as a party defendant with the individuals who participated in the killing, the city in which the act was committed, on the ground of its negligence in not preventing the killing.

At Law. Action by Annie Comitez against W. S. Parkerson, the city of New Orleans, and others, to recover damages for the killing of her husband. Heard on exceptions to the petition. Sustained in part and overruled in part.

*John Q. Flynn*, for plaintiff.

*Henry C. Miller* and *Chas. F. Buck*, for defendants.

BILLINGS, District Judge. This is a suit brought by the widow of Loreto Comitez for damages for the killing of her husband. The cause is submitted on two exceptions to the petition filed by all the defendants except the city of New Orleans. It is objected that an article from the Times-Democrat has been made a part of the petition. The article is not properly an exhibit, to be considered in connection with the petition in the statement of the plaintiff's complaint. The averments of the plaintiff are made without this article, and then follows the averment as follows:

"To more particularly set forth the facts of this case as herein charged, and detailing more particularly the events which transpired on the morning of said memorable March 14, 1891, petitioner annexes hereto copies of the

Times-Democrat of March 15, 1891, which contains a full and complete account of the transactions of the day previous, the 14th March, 1891, and makes same part of this petition."

I think the journalistic account is superfluous, when considered in connection with the averments of the petition, which contains, without this article, the complete statement of the plaintiff's case. It could not be read to the jury without producing an effect distinct from and in addition to the mere statement of the case which the plaintiff intends to offer proofs in support of. It would produce an effect which should come from proofs adduced in the manner which the law directs, viz., from witnesses giving their testimony under oath, and liable to cross-examination. It is therefore not only superfluous, but unauthorized, and the exception to it is maintained.

The other exception urges the improper joinder of the exceptors with the city of New Orleans as joint defendants in the same action. The individuals are sued for the killing, and the city for not preventing the killing. At the common law, in a trespass all are principals, and all and each of the trespassers are liable for all the injury done. 5 U. S. Dig. p. 537, tit. "Trespass," 159. Among those who must make reparation for a trespass are "all who contributed to the action either by doing what he ought not, or by omitting what he ought to have done," (3 Puff. Law Nat. par. 4, p. 216;) and when several persons have been jointly concerned in the commission of the wrongful act, they may all be made defendants, and charged as principals, or the plaintiff may sue one or more of them, at his election, (Add. Torts, p. 67; 1 Chit. Pl. 86.) Our own Code provides (Rev. Civil Code, art. 2315) that every act whatever of man which causes damages obliges him by whose fault it happened to repair it. Article 2316: That every person is responsible for the damage he occasions, not merely by his act, but by his negligence, etc.; and in the concluding article on offenses and *quasi* offenses, (article 2324,) there is the provision as to solidary liability of wrongdoers as follows: "He who causes another to do an unlawful act, or assists or encourages in the commission of it, is responsible *in solido* with that person for the damages caused by such act." While it is possible that the strict meaning of the words "causes," "assists," or "encourages" might not, if employed under other circumstances, include failure or omission to prevent, it is also clear that it was the intention of the legislature in article 2324 to make all who were liable for an unlawful act liable *in solido.* In *Vredenburg* v. *Behan*, 33 La. Ann. 627, where the suit was against the members of a club whose agent had been guilty of negligence, the court affirmed a judgment given *in solido.*

The city of New Orleans is sued along with the individual defendants for damages for an unlawful killing. It is averred in the plaintiff's petition that the individuals committed the unlawful act, and that the city contributed to it by an antecedent default, in that it did not prevent it. The damages are for an act in which all the defendants in law, according to the pleadings, joined. They are therefore, according to the general rules of pleading, as well as by the provisions of the Civil Code,—

properly joined as defendants in this action. The exception as to the newspaper article is therefore maintained. The exception of misjoinder is overruled, and the defendants have 10 days in which to answer the plaintiff's petition.