## GEORGE WILKINS V. R. S. FERRELL.
### No. 608.

1. **Pleadings—Particularity in Stating Facts.**—Plaintiff's petition alleged that in March, 1890, defendant had assistants or employes engaged in the practice of dentistry under him, and that one of said assistants or employes in extracting plaintiff's tooth caused the injury for which suit was brought. *Held*, that special exceptions to the omission to give the name of the assistant and the date of the month were properly overruled.

2. **Parties to Suit for Damage—Employe.**—In an action for injuries occasioned by an employe in the transaction of his employer's business, such employe is not a necessary party.

3. **Hearsay—Declaration of a Bystander.**—The declarations of mere bystanders who were wholly disconnected with the transaction under investigation are not admissible as part of the res gestæ.

4. **Pleading and Evidence—Special Exception Necessary.**—Where plaintiff alleges his damages generally, and no special exception is urged by defendant on that account, the defect can not be availed of by objecting to the evidence of the specific items of damage as not being warranted by the pleading.

5. **Damages—Evidence of Professional Skill.**—Where, in an action for injuries caused by defendant's employe in extracting plaintiff's tooth, the defendant offered proof of his own skill as a dentist, evidence that previous to this occurrence defendant was examined by the dental board and found unable to answer simple questions in anatomy and physiology, is properly admitted in rebuttal, although such examination occurred nearly a year previous to the injury.

6. **Dentistry—Warranty of Work—Professional Skill.**—A dentist is not held to insure the result of his work, nor is he responsible for a mistake of judgment, where he exercises reasonable skill and care.

7. **Employer Liable for Acts of Employe—When.**—Plaintiff's tooth having been extracted by some one other than defendant, the latter is not liable for injury occasioned thereby unless he had control over such other person's actions in the matter, or unless, being called upon to do the work, defendant directed it to be done by such other person, under circumstances which would justify a prudent man in believing that the person so directed was defendant's employe, or unless defendant held out to the public that such other person in his office was his assistant, and plaintiff, relying on such representation, submitted himself to such person, looking to defendant alone as the responsible head of the business.

APPEAL from Dallas. Tried below before Hon. CHARLES FRED. TUCKER.

*Morris & Crow*, for appellant.—1. Dentistry being an independent calling or occupation, defendant, if liable at all, could only be held as the surety or guarantor for the dentist extracting plaintiff's tooth, and not as principal; and the surety can not be sued without joining the principal or alleging some valid excuse for not doing so.

2. The remark of a bystander in no way connected with what is transpiring is not res gestæ. McGowen v. McGowen, 52 Texas, 657; Pilkinton v. Railway, 70 Texas, 226; Railway v. Ivy, 21 Texas, 405.

3. Damages, the natural and necessary consequence of the injury, may be recovered under a general allegation of damage, but such as are the natural but not the necessary consequence must be specially alleged, or no recovery can be had therefor. Railway v. Curry, 64 Texas, 85; Comminge v. Stephenson, 76 Texas, 642.

4. The master's liability is commensurate with the extent of his right to direct and control the servant or employe in the conduct and mode and manner of doing the work.

5. A dentist never insures the result, but simply engages that he possesses a reasonable degree of skill, such as is ordinarily possessed by the profession generally, and to exercise that skill with reasonable care

and diligence; and again, to exercise his best judgment, but is not responsible for a mistake of judgment. Graham v. Gautier, 21 Texas, 112.

*Bassett & Muse,* for appellee.—1. The petition alleged that the defendant was civilly liable for the consequences of the negligent act of his employe, and it was not necessary to join such employe as a defendant.

2. The remark of the bystander, to the effect that he would not suffer what the plaintiff was suffering for all of Dallas, being made while the operation was going on, and arising naturally out of the facts, and being apparently spontaneous and without motive, was admissible as part of the res gestæ of the transaction. McGowen v. McGowen, 52 Texas, 657, 663; Little v. The State, 75 Texas, 617, 622; Railway v. Moore, 69 Texas, 157, 160; Abb. Trial Ev., 589.

3. The plaintiff's allegation of expense in the endeavor to be cured of his injuries was good, except perhaps as against a special exception, and the defendant not having challenged the sufficiency of the allegation by a special exception, ought not to be permitted to test its sufficiency on an objection to evidence. Texas Pleading, with Forms, sec. 366; Tillman v. Fletcher, 78 Texas, 673, 675, 676; Booth v. Pickett, 53 Texas, 436, 439, 440.

4. Objections to evidence for want of allegations in the pleadings can not perform the office of a special demurrer, and will not be sustained unless the pleading would be held bad on a general demurrer. Holstein v. Adams, 72 Texas, 486, 489; Railway v. Preston, 74 Texas, 181, 182, 184.

FINLEY, ASSOCIATE JUSTICE.—This suit was instituted in the District Court of Dallas County by R. S. Ferrell against George Wilkins. The petition charged that in March, 1890, defendant was engaged in the practice of dentistry in the city and county of Dallas, Texas, and had assistants and employes engaged in said work under him, and that one of said assistants, under the direction of appellant, in March, 1890, extracted a tooth for appellee, and that in doing so defendant and his assistants conducted themselves so negligently and with such want of due skill and care as to fracture appellee's lower jawbone from the hinge of the jaw to the center of the chin, from which appellee sustained great pain and suffering, and was permanently injured and disfigured, and all the teeth on one side removed, and by which the muscles, flesh, tissues, and nerves of his face, neck, and shoulder have become diseased and paralyzed, etc., for all of which appellee claimed $20,000 actual damages and $10,000 exemplary damages.

1. December 2, 1891, appellant filed his first amended original answer, in which he set up general demurrer and special exceptions 2 and 3, and a special answer denying any knowledge of or connection with the extraction of appellee's tooth, and that if it was done by any

one in the building occupied by appellant, it was done by an independent practitioner not under the direction or control of appellant.

2. Appellant set up contributory negligence, and charged that before appellee's tooth was extracted it had become ulcerated and inflamed, and after it was extracted he failed to return to the operator for treatment, and failed to secure proper medical aid and attention from any one, whereby he contributed to the injuries of which he complains.

3. Said answer further sets up general denial.

March 8, 1893 the cause was tried before a jury, and verdict and judgment rendered for appellee for $3000.

First assignment of error: "The court erred in overruling special exception in paragraph 2 of defendant's answer, because it appears from plaintiff's petition, if he was injured, it was done by another and not by defendant, and the name of such person is not given, and no excuse is alleged for not doing so, and no facts are stated to inform defendant of the particular transaction complained of, and while the time is fixed as March, 1890, the exact day is not given."

Plaintiff alleged, that in March, 1890, defendant had assistants and employes engaged in the practice of dentistry under him, and that one of said assistants or employes, not naming him, extracted plaintiff's tooth, from which his injuries herein arose, and while the time is fixed as March, 1890, the exact day is not alleged.

Defendant excepted specially for the want of these allegations in the petition, and the court overruled the exception. In Wells v. Fairbanks, 5 Texas, 585, Justice Wheeler, discussing the particularity necessary in pleading, says: "The rule that the pleader must state the facts on which he intends to rely, as constituting his cause of action or ground of defense, is universal in its application in our pleadings, with the single exception of the plea of 'not guilty,' in the action of trespass to try title. But although a statement of facts is indispensable, it is not necessary to state such circumstances as constitute merely the evidence of those facts. The simple allegation of the fact is sufficient, without detailing a variety of minute circumstances which merely conduce to prove the truth of it.

"To require all those circumstances which constitute but the evidence of facts to be stated, would lead to inconvenient detail and intolerable prolixity in pleading, and it would be to require that which must often be impracticable, and, if attempted, hazardous to the rights of the party; for it is not always possible for the pleader to know in advance precisely what his evidence will be, and a variance might be fatal to his cause. Hence the necessity of adhering to the rule, that what is merely the evidence of facts need not be stated.

"While our law rejects the fictions and generalities of the common law system of pleading, and requires that the pleader shall state truly the facts of his case, and when the nature of the case may seem to require, or will conveniently admit of it, with even circumstantial ac-

curacy in the application of the rule, we must avoid the opposite extreme of requiring such a degree of speciality and minute particularity of detail as would be either impracticable or extremely inconvenient in practice. This can only be done by keeping in view and maintaining the rule we have indicated, the consequence of which is that, if the fact be pleaded, the evidence of such fact may be submitted to the jury, although not specially developed in the pleading by a detail of all the attendant circumstances.

"The rule may, indeed, sometimes be difficult in its application, for cases may be presented in which it will be difficult readily to distinguish the facts proper to be pleaded from the circumstances which are but the evidence of the facts. But the reason and propriety of the rule are obvious. It is so elementary in its character as to be easy of comprehension, and the careful pleader who possesses a competent knowledge of his subject—that is, the facts of his case and the law arising upon those facts—will seldom be embarrassed in its application."

In Railway v. Witte, 68 Texas, 296, Justice Gaines says: "At common law, time was usually stated under a videlicit. This, by some authorities, was decided necessary in order to release the pleader from the necessity of proving the exact date as alleged. But a requisite so purely formal as this has no place in our system of pleading and practice. 1 Chitty Pl., 257, 258 317, 318."

In McCauley v. Long, 61 Texas, 79, Justice West gives the rule: "All that is necessary, as has been frequently decided, is for the pleader to aver the grounds or facts on which he bases his cause of action or his defense. The evidence on which he relies to prove these facts should not be set out. The simple allegation of the facts is sufficient, without going into the details of the material matters at length. Scoby v. Sweatt, 28 Texas, 713; Wells v. Fairbanks, 5 Texas, 582; Oliver v. Chapman, 15 Texas, 400; Malone v. Craig, 22 Texas, 609; Chandler v. Meckling, 22 Texas, 36; Van Alstyne v. Bertrand, 15 Texas, 177; Sayles' Texas Pleading, sec. 33; Stephens' Pl., 355." The court did not err in overruling the special exception.

The second assignment challenges the action of the court in overruling a special exception directed at the petition in failing to make the alleged assistant or employe, who was charged to have pulled the tooth, a party to the suit.

The parties might have both been sued as defendant, but it was not necessary that they should be so sued. The cause of action as alleged arose ex delicto, and the facts alleged, if proven, would render the defendant liable for all the proximate results of the alleged wrong. Markham v. Navigation Co., 73 Texas, 247; Hamilton v. Prescott, 73 Texas, 567.

Third assignment of error: "The court erred, over objection of defendant, in allowing plaintiff to testify to the remark of a bystander while his tooth was being extracted, that he would 'not suffer what plaintiff was suffering for all the city of Dallas.' "

The statements or declarations of mere bystanders, who were wholly disconnected with the transaction under investigation, are not admissible as part of the res gestæ. The fact that the declarations are contemporaneous in point of time with the matter at issue does not alone make such declaration a part of the res gestæ; the party making the declarations must have been so related to the transaction as to make his declaration a part of it. Dwyer v. Ins. Co., 53 Texas, 354; Railway v. Ivy, 71 Texas, 417. The assignment is well taken.

The fourth assignment of error complains of the action of the court in admitting evidence of amounts paid by plaintiff to doctors and nurses, upon the ground that the pleading did not lay the basis for such proof. Plaintiff alleged generally, that he had been subjected to great expense and loss of time in endeavoring to be cured of his injuries and restored to his former health; no special exception was urged against this part of the pleading as being too general. The question here presented could have been properly raised by special exception, but it can not be considered on objection to evidence. Holstein v. Adams, 72 Texas, 489.

The fifth assignment is based on the admission of a portion of the evidence of Drs. Blair and Story. This testimony of Drs. Blair and Story went to show that in the spring or summer of 1889 they were members of the dental board of examiners of the Forty-fourth Judicial District Court of Dallas County, and that at said time defendant appeared before them for examination, and that he was unable to answer questions propounded to him in anatomy, physiology, and chemistry; that he could not explain what the superior and inferior maxillary bones were, and said in treating an exposed pulp he would kill the damn thing; that he could not tell the number of bones in the head or skull, and could not name the nerves in the head and face.

Defendant objected to this testimony, because irrelevant and impertinent, and as not bearing on any issue in the case, and was calculated to prejudice the minds of the jury against defendant. The objections were overruled and the evidence was admitted before the jury, to which defendant reserved exception. Plaintiff's tooth was extracted in March, 1890.

The defendant's skill and proficiency as a dentist was an issue in the case. While he did not in person pull plaintiff's tooth, there was evidence tending to show that the man who did was his employe, and acted under his supervision and direction. Defendant had offered evidence to prove his skill and learning in his profession, and this evidence was properly admitted in rebuttal. It is true that the examination took place about a year previous to the time when it is alleged the injury was inflicted, in which time the defendant's qualification for the practice of his profession may have changed; but this objection went to the weight and value of the evidence, and not to its admissibility.

Practically the same question is involved in the sixth assignment, and it will not be discussed.

Appellant's counsel requested this special instruction, which was re-
fused: "A dentist never insures the result, and simply engages that
he possesses a reasonable degree of skill, such as is ordinarily possessed
by the profession generally, and to exercise that skill with reasonable
care and diligence, and again to exercise his best judgment, but is not
responsible for a mistake of judgment."

The expression of the requested instruction is not such as to com-
mend it as a charge to the jury; but the principle attempted to be
announced is well founded, and should have been plainly given to the
jury in answer to the request.

The court in affirmatively charging upon plaintiff's right to recover
made the recovery depend upon the want of skill and care; but the jury
were nowhere told that the defendant did not insure the result of the
work, and could not be held responsible for a mistake of judgment, if
he exercised reasonable skill and care.    Graham v. Gautier, 21 Texas,
112.

Other assignments of error complain of the refusal of special charges,
and the language of the main charge relating to the liability of the
defendant for the act of another person in pulling the tooth.    Under
the issues as made by the pleading and the evidence, the jury should
have been told that the evidence showed without dispute that some
person other than the defendant extracted plaintiff's tooth; and that
before the defendant could be held liable therefor, it must appear from
the evidence that such other person was the employe of defendant,
over whose actions in the premises defendant had dominion and con-
trol; or that defendant, being called upon to do the work, directed it
to be done by such other person, under circumstances which would
justify an ordinarily prudent and reasonable person in believing that
such other person was aiding defendant in his professional work; or
that defendant held out to the public that the other dentists in his
office were his assistants, and the plaintiff, believing and relying upon
such representations, presented himself at defendant's office to have
his tooth extracted, and submitted himself to one of such dentists in
defendant's office, relying upon the defendant, and not upon the indi-
vidual who extracted the tooth, as the responsible head of the business.

We have presented a case of strongly conflicting testimony, in which
much feeling is shown on the part of the witnesses.    In such a case it
is of the greatest importance that no incompetent evidence be admitted,
and the scales must be held equally poised by the charge of the court.

As the case goes back for another trial, we will further suggest that
the court should plainly submit whether the injury to the jawbone
resulted from a diseased tooth or fracture of the bone in extract-
ing the tooth; it is also important that the law of contributory neg-
ligence should be fully presented to the jury.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

Delivered March 13, 1895.