## LOUISVILLE & NASHVILLE RAILROAD COMPANY ET AL. *v.* GOLLIHUR, ADMINISTRATOR.

[No. 6,161. Filed November 6, 1907.]

1. PLEADING.—*Complaint.*—*Railroads.*—*Train Dispatchers.*—*Joint Negligence.*—*Removal of Causes.*—A complaint against a railroad company and its train dispatcher for the latter's negligence, resulting in a collision causing the death of plaintiff's intestate, shows a joint liability of such defendants, under section 1 of the employers' liability act (§7083 Burns 1901, Acts 1893, p. 294); and the cause cannot be removed to the federal court, where the plaintiff and such dispatcher are residents of this State. p. 483.

2. ACTION.—*Joint or Separable.*—*Removal of Causes.*—*Motives.*— Where a cause of action may be joint or separable, at plaintiff's election, the motive for plaintiff's election to make it joint cannot be questioned by defendants, though the result of such election prevents a removal to the federal court. p. 484.

3. DAMAGES.—*Excessive.*—A judgment for $5,000, for the death of an unmarried brakeman, such amount inuring exclusively to his next of kin, is not excessive. p. 484.

4. EVIDENCE.—*Letter Attached to Dispatch.*—*When Harmless.*— *Railroads.*—*Negligence.*—In an action against a railroad company and its train dispatcher for negligence in sending a train order, thereby causing intestate's death in a collision, the admission of a letter, attached to what the defendants claimed was the original copy of dispatch, from the company's Louisville master of transportation to the company's superintendent at Evansville, stating that such copy of dispatch was sent to the Carmi office, was harmless. p. 485.

5. TRIAL.—*Interrogatories.—Negligence.—Train Dispatcher.—Telegraph Operator.—Railroads.*—Where defendant railroad company's train dispatcher wired a train order to such company's agent at Mt. Vernon that train 59 would wait for train 80 at Carmi, and the agent repeated the message substituting 79 for 59, the dispatcher failing to verify same, and train 80, by reason of such order, collided with train 79 at a point between Mt. Vernon and Carmi, causing intestate's death, the joint negligence of such dispatcher, and therefore of the company, and such agent was the proximate cause of such death. p. 485.

6. SAME.—*Instructions.—Duplication of.*—It is not erroneous to refuse to give instructions asked which are already covered by those given. p. 486.

From Posey Circuit Court; *O. M. Welborn,* Judge.

Action by Henry H. Gollihur, as administrator of the estate of Loren G. Coker, deceased, against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*C. A. DeBruler,* for appellant.

*G. V. Menzies, L. M. Wade* and *C. B. Thomas,* for appellee.

COMSTOCK, C. J.—The appellee brought this action to recover damages for the death of his decedent, Loren G. Coker, who was a brakeman in the employ of the appellant company, and who was killed in a collision between two freight-trains. It is claimed in the complaint that the death of Coker was due to the negligence of the appellant Hart, who was a train dispatcher for the appellant company at the time of the accident, and that his negligence consisted in giving wrong telegraphic orders as to the movement of the trains which came into collision. The first paragraph of the complaint, after setting forth that the appellant company operates a railroad extending from St. Louis, Missouri, to Evansville, Indiana, alleges that, for the safety of the public and of its employes, appellant company maintains a dispatcher's office in the city of Evansville, which was, at the time of the accident, in charge of the appellant Ira O. Hart as train dispatcher; that as such dispatcher Hart was charged with

the duty of carefully notifying the company's agents along the line of the railroad of the time of the departure and arrival of trains, of giving such agents orders to stop, start, and side-track all approaching trains, and of seeing that his dispatches to the different agents were verified by the agents receiving them, and, upon verification, of announcing to the agents that the orders were correct, but that all this must be done before the agents delivered the orders to the employes of appellant. The appellant company filed its petition and bond to remove the cause into the circuit court of the United States. The petition was overruled and exception taken. Afterward appellee filed a second paragraph of complaint in which the allegations were the same as in the first, except, in addition to the alleged negligence of train dispatcher Hart in transmitting and verifying the orders affecting the two trains, it is charged that the agent at Mt. Vernon was negligent in receiving and properly reporting to Hart said orders, and through the joint carelessness of Hart and the agent at Mt. Vernon the agent was not apprised of the fact that the trains were to meet and pass at Mt. Vernon, and in consequence this train No. 80 was allowed to pass Mt. Vernon and come into collision with train No. 79, on which decedent, Coker, was working as a brakeman. After the appellant company had unsuccessfully tried to remove the cause to the circuit court of the United States, and after the appellants had unsuccessfully demurred jointly and severally to the complaint, the issue was formed by appellant's filing joint and separate answers of a general denial to the complaint. There was a trial by jury resulting in a verdict and judgment for appellee for $5,000.

Counsel for appellants discussed only three questions—and they are properly reserved—upon which a reversal is asked: (1) The refusal of the court below to remove the cause to the United States court; (2) excessive damages; (3) error in admission of evidence.

It is claimed in behalf of appellants that the cause should

have been removed to the federal court upon the petition and
bond of appellant railroad company, for the reason
1.  that the petition states a separable controversy, and
that Hart, the resident defendant, was made a party
to the action, for the fraudulent purpose of defeating the
jurisdiction of the federal court, and that the negligence of
the railroad company to have concurred with the negligence
of defendant Hart, which is alleged to have been the cause of
the accident.   In other words the whole case depends upon
the negligence of Hart in transmitting an incorrect message,
and the railroad company was not charged with any concurrence in this act of negligence, or with any other negligence
except that which grew out of the alleged act of Hart in
sending the incorrect message.   Although the negligence of
Hart was, under §7083 Burns 1901, Acts 1893, p. 294, §1,
the negligence of the appellant railroad, he was also liable
as a joint tort-feasor.   *Charman* v. *Lake Erie, etc., R. Co.*
(1900), 105 Fed. 449; *Lake Erie, etc., R. Co.* v. *Charman*
(1903), 161 Ind. 95.   The case last cited affirms the rule and
cites *Wright* v. *Compton* (1876), 53 Ind. 337; *City of Peoria*
v. *Simpson* (1884), 110 Ill. 294, 51 Am. Rep. 683; *Johnson*
v. *Magnuson* (1886), 68 Ill. App. 448; *Hoye* v. *Raymond*
(1881), 25 Kan. 665; *Phelps* v. *Wait* (1884), 30 N. Y. 78;
*Wright* v. *Wilcox* (1838), 19 Wend. 343, 32 Am. Dec. 507;
*Montfort* v. *Hughes* (1854), 3 E. D. Smith (N. Y.) 591;
*Suydam* v. *Moore* (1850), 8 Barb. 358; *Wilkins* v. *Ferrell*
(1895), 10 Tex. Civ. App. 231, 30 S. W. 450; *Schaefer* v.
*Otserbrink* (1886), 67 Wis. 495, 30 N. W. 922, 58 Am. Rep.
875; *Greenberg* v. *Whitcomb Lumber Co.* (1895), 90 Wis.
225, 63 N. W. 93, 28 L. R. A. 439, 48 Am. St. 911; *Shearer*
v. *Evans* (1883), 89 Ind. 400; *Michael* v. *Alestree* (1677), 2
Lev. 172; *Steel* v. *Lester* (1877), 3 C. P. D. 121; *Morton* v.
*Hardern* (1825), 4 Barn. & Cr. 223; *Newman* v. *Fowler*
(1874), 37 N. J. L. 89; *Comitez* v. *Parkerson* (1892), 50 Fed.
170; *Connell* v. *Utica, etc., R. Co.* (1882), 13 Fed. 241; 5
Thompson, Negligence (2d ed.), §5776; Cooley, Torts (2d

ed.), *142, *143. In 54 Cent. L. J. 404, 405, and 60 Cent. L. J. 305, this view is sustained, with many citations.

This action is joint as to the company and its servant, being joint and separable, and the plaintiff having elected to make it joint it follows that the defendant cannot 2. make it separable for the purpose of removal from a state to a federal court. " 'A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be.' " Chesapeake, etc., R. Co. v. Dixon (1900), 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121, and cases cited. And see Powers v. Chesapeake, etc., R. Co. (1898), 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673. The motive of a party asserting a right is not material, and so the purpose of appellee in making appellant Hart a party does not affect the merits of the question.

Are the damages excessive? There is no hard and fast rule by which this question may be answered. The question of damages is essentially one of fact. The deceased 3. was under no legal obligation to support the next of kin for whose benefit the action was brought. The amount awarded should depend upon the facts in the particular case. "The sole inquiry is how many dollars are necessary to compensate the beneficiaries for the pecuniary loss caused to them by the wrongful death." 8 Am. and Eng. Ency. Law (2d ed.), 909. The jury was instructed that the compensation should be limited to the pecuniary loss. Another jury might have fixed a greater sum, another a less; but, in a matter so difficult of measurement, we cannot say that, under the evidence, the amount named is excessive. There is no intimation that the jury acted partially or corruptly.

When appellants offered in evidence what they claimed was the original dispatch sent by the train dispatcher Hart

to the agent at Mt. Vernon, there was attached to it 4. by a pin a letter, addressed to the appellant company's superintendent at Evansville, from its master of transportation at Louisville, stating, in effect, that he returned to the superintendent at the Carmi office a copy of the dispatch. Appellee was permitted, over the objection of appellants, to put this letter in evidence. It is insisted that the action was error, for the reason that it was not a part of the dispatch, was a mere statement made by one officer of the company to another in the transmission of the dispatch, and was hearsay testimony. If this were error, which we do not decide, we cannot see that it was prejudicial.

Appellant Hart and the witness Becker had testified to the contents of the dispatch sent by Hart to the agent at Mt. Vernon. Witnesses were also permitted to testify as to why the original dispatch was taken from the book in which it belonged, in the dispatcher's office, and sent to Louisville, and from there back to Evansville. Appellants had the benefit of their version of the dispatch.

The jury found in answer to interrogatories that the appellant Hart sent the correct dispatch to Whiting, the agent at Mt. Vernon, but that Whiting did not properly re- 5. peat the dispatch to Hart, and that Hart did not properly verify the order. The correct dispatch sent by Hart was to the effect that train No. 59 would wait at Carmi until train No. 80 should arrive at that point. The train order as given to the train crew of No. 80 by Whiting was to the effect that No. 79 would wait at Carmi. Train No. 79 was the one that came in collision with No. 80 and caused the death of decedent. The mistake therefore, according to these findings, was made by Whiting in delivering a wrong message to the train men of No. 80, and this resulted directly from Whiting's mistake in repeating the order to Hart, and Hart's mistake in not verifying the message thus repeated, and in telegraphing to Whiting that the order was complete. The combined negligence of Hart and Whiting

caused the death of decedent. We conclude that the admission of this evidence, even if erroneous, was harmless.

Some criticism is made of instructions given and refused.

Appellants' request for a peremptory instruction to return a verdict in behalf of appellant Hart was correctly refused.

The other instructions requested and refused were substantially covered by those given. The verdict is sustained by the evidence. We find no reversible error.

Judgment affirmed.