### LEMOND v. SMITH et al.

(Court of Civil Appeals of Texas. Amarillo. May 4, 1912. Rehearing Denied June 15, 1912.)

1. BILLS AND NOTES (§ 476*) — ACTION — PLEADING—ANSWER.

Where, in an action on a note given for implements, tools, etc., defendant alleged a shortage of certain parts and a demand and refusal to supply the same, such allegation was not defective for failure to itemize the missing parts and to give their value.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1519–1521, 1523, 1557; Dec. Dig. § 476.*]

2. BILLS AND NOTES (§ 476*) — DEFENSES — FAILURE OF CONSIDERATION.

In an action on a note given by a retail merchant for certain farming tools and machinery purchased for resale, an allegation that they were bought on an express warranty that all the parts necessary to make them complete and suitable for resale were included and would be made good by the seller by furnishing such extra parts as were necessary to put the machines and tools in proper condition for resale, but that there were missing parts which the seller refused to furnish on demand, constituted a sufficient pleading of failure of consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1519–1521, 1523, 1557; Dec. Dig. § 476.*]

3. PRINCIPAL AND AGENT (§ 194*)—ACTION— DEFENSES—SETTLEMENT—INSTRUCTIONS.

Where, in an action on a note given for the price of certain farming tools and machinery, the maker pleaded a settlement with the payee through its agent, H., an instruction that if the jury should find that at the time the implements were invoiced by H., if they were invoiced, that the invoice was made for a final settlement, and that a settlement was had, and that H. was acting for the payee with express authority to settle said note and did in fact effect a settlement with the maker, then the jury should find for defendants, but if they should further find that H. had only authority to collect cash on the note, and there was no settlement, they should find for plaintiff, was proper and was not objectionable as calculated to mislead the jury to believe that they must find that H. had authority to accept cash only, and that no agreement to settle was had, before they would be warranted in finding for plaintiff on that issue.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 727–731; Dec. Dig. § 194.*]

4. TRIAL (§ 260*)—INSTRUCTIONS—REQUEST TO CHARGE—INSTRUCTIONS GIVEN.

A request to charge substantially covered by instructions given is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

5. TRIAL (§ 250*)—INSTRUCTIONS—ISSUES.

A request to charge seeking to submit an issue neither raised by the pleadings nor proof was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. § 250.*]

Appeal from Hale County Court; Geo. L. Mayfield, Judge.

Action by R. A. Lemond against T. W. Smith and another. Judgment for defendants, and plaintiff appeals. Affirmed.

J. A. Holmes, of Plainview, for appellant. Austin C. Hatchell and E. Graham, both of Plainview, for appellees.

GRAHAM, C. J. This suit originated in the county court of Hale county, by R. A. Lemond suing T. W. Smith and R. E. Terry for the balance of principal, interest, and attorney's fees alleged to be due on a certain promissory note originally executed for the sum of $700, by defendants, and payable on its face to the Plainview Hardware & Implement Company; a payment of $500 on the note being alleged. The defendant T. W. Smith answered by general demurrer, special exceptions, a general denial, and especially alleged that the note was executed as payment for certain farming tools and machinery purchased by him as a retail merchant for resale from the Plainview Hardware & Implement Company as wholesalers, under an express warranty that all of the implements, machinery, and tools and extras necessary to make the same complete and suitable for resale and for the purposes for which they were made were included in the goods sold and delivered, or would be made good by the seller by furnishing such extras as were necessary to put said implements, machinery, and tools in proper condition for resale. Allegation was then made that much of the machinery, implements, and tools were not in condition to be sold for the purpose intended because of many missing parts; allegation being also made that demand had been made on said Plainview Hardware & Implement Company to comply with its said contract by furnishing said necessary missing parts and a failure on its part so to do, including an allegation of inability to procure said missing parts from any other source than the Plainview Hardware & Implement Company, to his damage in a sum in excess of the balance due on the note; also alleging said facts as a failure of consideration for the balance due on the notes, and then alleged a settlement of the balance due on the note by a sale to the Plainview Hardware & Implement Company of certain farming implements, machinery, and tools. Allegation is then made that plaintiff was not an innocent purchaser for value of the note sued on, and that he had acquired same from the Plainview Hardware & Implement Company long after maturity thereof. Prayer is then made that plaintiff take nothing by his suit. The defendant R. E. Terry answered by a plea of suretyship within the knowledge of the Plainview Hardware & Implement Company, and the plaintiff alleged a request in accordance with the statute of the Plainview Hardware & Implement Company and the plaintiff to sue on the note and a failure so to do as required by law, and prayed that he be discharged. By supplemental petition, plaintiff pleaded a general demurrer, a special exception, general denial, and pleaded a representation and warranty by one W. Baine as president of the Plainview Hardware & Implement Company, as an inducement to said Baine, to purchase from said company said note in effect that the note was supported by a valuable consideration in full and was unpaid, and he prayed a recovery against said W. Baine in the event the plaintiff failed to recover against said Smith and Terry on the note. The defendant Baine answered by general demurrer as to the pleadings of both plaintiff and his codefendant Smith, and also urged special exceptions to the pleadings of plaintiff and his codefendant Smith, pleaded a general denial as to the allegations of fact in plaintiff's pleadings as well as the pleadings of his codefendant Smith, and then pleaded specially that in selling the note to plaintiff he made no misrepresentations and acted only for and as president and agent of the Plainview Hardware & Implement Company, within the knowledge of the plaintiff at the time of the sale. The trial court overruled certain exceptions discussed below, and the record fails to show that any other demurrers or exceptions were by him acted on. A trial below before a jury resulted in a verdict for all the defendants on which judgment was rendered, and from which an appeal has been prosecuted to this court by plaintiff below and the cause submitted in this court on the assignments of error hereinafter discussed.

[1] Under appellant's first assignment, contention is made that the trial court erred in overruling his special exception to portions of the answer of appellee T. W. Smith, wherein Smith alleged shortage of certain parts necessary to put the tools, implements, and machinery in a salable and merchantable condition; appellant contending that said pleading was defective in not itemizing the necessary parts and giving their value. We think the pleading complained of not subject to the criticism urged, and therefore overrule the assignment. McCauley v. Long & Co., 61 Tex. 74; Wilkins v. Ferrell, 10 Tex. Civ. App. 231, 30 S. W. 450. If, however, the pleading complained of was subject to the criticism urged, in view of the fact that payment and settlement of the note sued on is also pleaded and there is evidence sufficient found in the record to support the verdict and judgment on this issue, no injury would be shown appellant by the action of the trial court in overruling the special exception.

Appellant complains, under his second assignment, that the trial court erred in refusing to give his first special charge as requested, which was a peremptory instruction

for plaintiff as against defendants Smith and Terry, and in favor of defendant Baine. We have examined the statement of facts and are of the opinion that ample evidence is found therein warranting the trial court in submitting the case to the jury on the issues raised by the pleadings, and therefore overrule appellant's second assignment.

[2] Under his third assignment, appellant contends that the trial court erred in failing to give his second special charge as requested, which was an instruction to the jury not to consider any of the evidence introduced for the purpose of sustaining appellee Smith's plea of failure of consideration. Believing that appellee Smith's plea was sufficient on this issue, and that the evidence introduced, if believed · by the jury, was also sufficient to sustain the verdict and judgment on that issue, we overrule appellant's third assignment.

[3] Under appellant's fourth assignment, contention is made that the trial court erred in giving paragraph 5 of his main charge to the jury. The paragraph of the court's charge complained of is as follows: "You are further instructed that if you should find from the evidence that, at the time said implements were invoiced by Hunsaker, if they were so invoiced, that the said invoice was made for the purpose of a final settlement, and that a settlement was had, and you further find that Hunsaker was acting for said company, with the express authority from said company to settle said note, and did in fact effect a settlement with T. W. Smith, then you will find for defendants T. W. Smith and R. E. Terry; but should you find that Hunsaker only had authority to collect cash on said note and there was no settlement, then you will find for the plaintiff." Believing that the pleadings and the evidence raised the issue submitted in this portion of the court's charge, and further believing that the issue was fairly submitted to the jury in the portion of the charge copied, we overrule appellant's fourth assignment.

[4] Under appellant's fifth assignment, contention is made that the trial court erred in failing to give in charge to the jury his fifth special charge as requested. This special charge sought to cover the same issue of law as was covered by the trial court in the fifth paragraph of his main charge, above copied, and, believing that the trial court fairly and sufficiently covered the issue in the portion of the charge mentioned, we think there was no error in failing to give the special charge as requested.

[5] Even if paragraph 5 of the court's main charge could be held to be incomplete in any respect, there was no error in failing to give the special charge requested, for the reason that in it it was sought to submit an issue neither raised by the pleadings nor the proof to the effect that the jury must find that appellee Smith had tendered at Plainview the goods claimed to have been sold to the Plainview Hardware & Implement Company, in settlement of the balance due on the note before the jury could find for defendants on the issue of settlement.

Under appellant's sixth assignment, complaint is made of the fifth paragraph of the court's charge as given the jury; it being contended in effect that said portion of the court's charge was calculated to lead the jury to believe that they must find that the alleged agent of the Plainview Hardware & Implement Company had authority to accept cash only, and that no agreement to settle was had before the jury were warranted in finding for plaintiff on that issue. It is also contended by appellant that there was no evidence tending to show that said alleged agent had any authority to accept anything but cash in settlement of the balance due on the note.

We think the portion of the court's main charge complained of not open to the criticism made, and we find sufficient evidence in the record to support the finding of the jury to the effect that the alleged agent had the power and authority to settle the balance due on the note by accepting from Smith property instead of cash. For the reasons given, appellant's sixth assignment will be overruled.

After a careful investigation of the record in this case and a proper consideration of the assignments urged by appellant, we find no error in the record warranting a reversal of the cause, and the judgment of the trial court will therefore in all things be affirmed, and it is so ordered.