MIDLAND TRAIL BUS LINES, INCORPORATED, *v.*
MARTIN, ADMINISTRATRIX.

[No. 14,817.   Filed April 2, 1935.]

*Kessinger, Hill & Arterbarn,* and *Donovan D. Mc-Carty,* for appellant.

*Shuler McCormick,* and *Lyle E. Miller,* for appellee.

KIME, J.—This is an action for damages for the death of a sixteen-year-old boy, brought by the administratrix of his estate. The issues were formed by an amended complaint and a general denial thereto. Trial was had and the evidence disclosed that a bus with the words "Midland Trail Bus Lines, Inc." on its side was travelling on a paved highway in the state of Illinois, going east towards the city of Vincennes, Indiana, and was struck by a Dodge coupe which was being driven by one Edwards westward, astride the center line of the highway towards the bus. That the other occupant in the car was one Theriac, who testified that he was looking out over the fields, towards the right; that he felt the car slip towards the left and immediately thereafter the collision with the bus occurred. That as a result of the collision the left front wheel of the Dodge was broken off; the left front

fender was bent up; the left running board was crushed; left door dented, the handle knocked off and the windshield broken out. The marks or scratches made on the pavement by the broken wheel or axle of the Dodge were to the south of the black line in the center of the road.

The bus, after the collision with the Dodge, travelled a few feet and then swerved north. After the bus came to a stop it was discovered resting against a badly wrecked Chevrolet which had been travelling westward behind the Dodge before the Dodge collided with the bus. Decedent and another were riding in the Chevrolet.

The evidence also disclosed that on examination of the bus after the collision with the Chevrolet the front axle and the spring hanger of the bus were broken loose in front and the axle had slipped back under the front of the bus; that under such circumstances the steering of the bus "might" be affected; that the left side of the bus showed continued scraping marks all the way from the radiator to the end of the bus; that the damage to the bus following the first impact was "where the fender and running board and tool box were near the front axle." That when the bus driver saw the Dodge approach straddling the black line he slowed down and pulled over to the right on to the shoulders at the side of the road; that the road contained skid marks about twenty-five feet long, caused by the bus and that the direction of such skid marks were to the right.

Immediately after the bus stopped appellee's decedent was found lying near the Chevrolet injured, from which injuries he died. The accident occurred August 26, 1929. Decedent was unemployed at the time of his death and had attended school the year before.

In addition to the decedent's mother there resided in

decedent's home two sisters; that one sister through an accident occurring in her youth was mentally deficient and the other sister, because of pneumonia was in a weakened condition and that decedent, when he worked, brought the money he earned home and gave it to his mother who used it for the needs of the family.

At the close of the evidence introduced by plaintiff the defendant moved the court to instruct the jury to return a verdict for the defendant. The court overruled the motion, to which the defendant at the time excepted, whereupon the defendant rested, and again moved the court to instruct the jury to return a verdict for the defendant, which motion was overruled and to which the defendant at the time excepted. The jury returned a verdict in favor of the plaintiff and judgment was thereon rendered in the sum of $5,000.00. Defendant's motion for a new trial, containing thirteen grounds, was denied. This appeal followed and the only error properly assigned is that the court erred in overruling appellant's motion for a new trial.

Appellant says that the court erred in overruling the motion for a new trial based on the ground that the damages assessed are excessive. The Supreme Court, in *Consolidated Stone Co.* v. *Staggs* (1905), 164 Ind. 331, 337, 73 N. E. 695, wherein the question before the court was whether an instruction that sought to lay down a rule by which the verdict might be arrived at by mathematical calculation was erroneous, said. " 'The sole inquiry is how many dollars are necessary to compensate the beneficiaries for the pecuniary loss caused to them by the wrongful death.' 8 Am. & Eng. Ency. Law (2d. ed.) 909, and cases cited. The damages are not to be estimated at the value of the life lost, but at such sum as will compensate the persons on whose behalf the action is brought for the pecuniary injury which they have sustained by the

death. *Anderson* v. *Chicago, etc. R. Co.* (1892), 35 Neb. 95, 52 N. W. 840. Although a mist seems to hang over cases when a concrete application of the rule of damages is sought, yet this uncertainty exists because the extent of the compensation is so largely a jury question. It is said in *Railroad* v. *Spence* (1893), 93 Tenn. 173, 189, 23 S. W. 211, 42 Am. St. 907: 'The assessment of damages in actions of this character does not admit of fixed rules and mathematical precision, but is a matter left to the sound discretion of the jury. The courts refuse to lay down any cast-iron rules or mathematical formula by which such damages are to be ciphered out by juries.' It is proper to direct the mind of the jury to the various pertinent facts which the evidence may show as circumstances which may be considered in determining the question of compensation; but to suggest a method of computation could scarcely be competent in any case, and to instruct that such method should be pursued would be an invasion of the province of that body. The jury should be confined to a compensation for pecuniary loss, but, within the range of the evidence which may justly be said to bear upon that subject, the question of damages is essentially a question of fact."

The court instructed the jury that the damages, if any, herein, should be for the pecuniary loss sustained by the next of kin. The jury fixed the amount at $5000.00. Another jury may have fixed a smaller sum, and, perhaps another a larger sum, but as above shown, in a matter so hard to measure, this court, from the evidence can not say that the amount fixed is excessive. *Louisville & N. R. Co. et al.* v. *Gollihur, Adm.* (1907), 40 Ind. App. 480, 82 N. E. 492.

Appellant next questions the sufficiency of the evidence to sustain the verdict of the jury, and for that

reason says that it is contrary to law, and contends that appellee failed to prove that the bus was being operated by appellant at the time of the collision. There is sufficient evidence herein to show that the bus was a common carrier, owned by appellant, engaged in interstate commerce and operated on its behalf and the jury probably and properly inferred from such evidence that the bus was being driven by an agent of appellant, which was a corporation, that could act only through its officers and agents. Thus we hold that upon that phase of the case the verdict is sustained by sufficient evidence.

Appellant insists that appellee had the burden of proving freedom from contributory negligence on the part of her decedent. Section 380, Burns 1926, being §2-1025, Burns 1933 and §129, Baldwin's 1934, is a rule of practice and not a rule governing a right of action  In reference to this the Supreme Court, in the case of *Chicago T. T. Co.* v. *Vandenburg* (1905), 164 Ind. 470, 488, 73 N. E. 990, said, "It appears that the court in its charge informed the jury that the burden of proving contributory negligence against the plaintiff (appellee here) rested on appellant (defendant here). This under section 359a, Burns Ann. Statute 1901, Acts 1899, p. 58 (being the same as the sections above noted) was correct.

"Appellant's counsel, however, contend that this statute can have no application to cases for personal injury where the cause of action, as in the case at bar, arose in another state. The statute in question pertains merely to the remedy, and controls in all actions like this when prosecuted in the courts of this State, regardless of the fact that the action may have arisen in another jurisdiction. Plaintiff could enforce his right of action against appellant although it originated under the

laws of . . . Illinois in any of the courts in Indiana which had jurisdiction of the subject-matter and acquired jurisdiction over the appellant, but nevertheless both he and appellant would be bound and required to comply with the course of procedure prescribed by the laws of this State."

The evidence shows that the collision with the Dodge damaged the bus "where the fender and running board and tool box were near the front axle." It is a matter of common knowledge that that part of the bus is to the rear of the steering apparatus and, therefore, the jury could presume that the steering apparatus was not affected by the collision with the Dodge. The bus was not examined until after it collided with the Chevrolet which, from the evidence, the jury could have found, as it probably did, caused the front axle and spring hanger of the bus to break loose in front and cause the axle to slip back under the front of the bus; that in turn, as one witness testified "might" affect the steering of the bus. This would indicate that the lack of control of the bus, not through faulty steering apparatus but negligence on the part of the bus driver, after the first collision, was the proximate cause of the injury of decedent. There is evidence from which the jury could have concluded that the appellee sufficiently proved the allegations of her complaint and therefore the verdict of the jury is sustained by the evidence.

Appellant complains that the court erred in permitting one of the attorneys for the plaintiff to testify to matters which he learned while he was attorney for one Zimmerley and that such matters should have been excluded as being of a confidential nature. The evidence shows that part of the testimony he gave was based on information received by him after the accident and not while he was attorney for Zimmerley. All the matters appellant complains of

are in item 11 of his motion for new trial, and the different acts complained of are not assigned separately. "It is a well established rule that where an exception is taken to several acts of the court jointly, or where several acts of the court are assigned as a cause for a new trial jointly, . . . all the acts complained of must be erroneous to sustain the exception or cause for new trial." *Gray* v. *Elzroth* (1894), 10 Ind. App. 587, 593, 37 N. E. 551. Hence the court did not err in refusing a new trial on the above ground.

The injuries of the deceased and his resultant death was a part of the *res gestae* and a material allegation of the complaint which appellee was bound to prove, and the court committed no error in admitting evidence as to such injuries. *Deal* v. *State* (1894), 140 Ind. 354, 39 N. E. 930.

The court did not err in refusing to give instructions numbers 2, 3, 4, and 5, tendered by the appellant, for the reason that in each of said instructions the appellant sought to inform the jury that it was the duty of the appellee to prove freedom from contributory negligence, in the collision, on the part of her decedent. *Chicago Terminal Transfer Co.* v. *Vanderburg*, and *Baltimore & O. R. Co.* v. *Ryan, supra,* hold that such instructions do not state the law in Indiana.

We have read instruction Number 11 given by the court and find that it states the law. Appellant urges that the instruction is not applicable to the facts in the case and is harmful. In this view we do not concur.

Instruction number 8½ given by the court read in connection with the other instructions correctly states the law. The court did not err in giving that instruction.

Instruction number 12 given by the court is as follows: "If under the evidence and the foregoing instructions, you should find for the plaintiff, then the

damages to be assessed by you are such pecuniary loss as have been sustained by the parents, brothers and sisters of the deceased, Landis L. Martin. The measure of damages in such a case is the pecuniary loss or loss in money value, sustained by the deceased's next of kin by reason of his death. This pecuniary loss is the value of the pecuniary benefits which they had a reasonable expectation of receiving from the continuance of his life; and in determining that question you may take into consideration his age and circumstances in life, immediately preceding his death, his ability to earn wages, the number and degree of kindred of the next of kin, their dependence upon him for support if any and the provable amount of pecuniary benefit they might receive, if any, taking into account all contingencies and uncertainties had his life not been terminated; and from all these circumstances as shown by the evidence you should fix the plaintiff's damages, if any, for the pecuniary loss sustained." Appellant objects to the words "all contingencies and uncertainties had his (decedent's) life not been terminated" and says that such language leaves the jury in a position to speculate as to the amount of support decedent gave to his next of kin. On authority of *Chicago, etc., R. Co.* v. *Branyan* (1894), 10 Ind. App. 570, 37 N. E. 190, which says "it should be borne in mind that the administrator as their personal representative is entitled to recover only for pecuniary value they would probably have derived, taking into account *all contingencies and uncertainties, had his life not been terminated,*" we hold this instruction good. (Our italics.)

We have read instruction number 22 tendered by appellant and refused to be given by the judge which action appellant says was erroneous, and find that such instruction does not state the law applicable and, therefore, the refusal to give was not error.

The record discloses sufficient evidence upon which

this case should have gone to the jury and, consequently, the court did not err in submitting it to the jury and in overruling the request for preemptory instructions.

Finding no reversible error the judgment of the Knox Superior Court is in all things affirmed.